JESSIE P. GRANDY, APPELLANT, v. HENRY A. MERCHANT, APPELLEE.

FILED OCTOBER 9, 1934. No. 28951.

*Edith Beckman,* for appellant.

*Kennedy, Holland & De Lacy, contra.*

Heard before Goss, C. J., Good, Eberly, Day and Paine, JJ., and Raper and Tewell, District Judges.

Raper, District Judge.

The plaintiff, appellant, brought this action against Henry A. Merchant, defendant, appellee, who is a licensed Omaha dentist. In substance the petition alleges that in March, 1931, the defendant removed an old bridge from the plaintiff's lower left jaw, and installed a new one, which she alleges was too high and did not fit her jaw and caused her pain and discomfort, and that in order to remedy that defect the defendant carelessly and unskilfully drilled and cut off the crown and cusp of the two sound healthy upper left bicuspid teeth, thus exposing the pulp or sensitive nerve substance of said two bicuspid teeth, which caused much pain and made mastication difficult, and that such condition is permanent. The defendant answered by general denial, and specific denial of malpractice or negligence in treating plaintiff. At the close of plaintiff's testimony the court, on motion of defendant, discharged the jury and dismissed plaintiff's action. She appeals.

The plaintiff testified that in 1930 defendant did some work on the teeth in her right jaw, and examined the left side of her mouth, and advised that a bridge in her lower left jaw should be removed. About two months after that she again went to defendant who removed the old bridge. At that time the left side had not been giving her the least bit of trouble. This was about January or March of 1931. At that time he ground off the lower left tooth and made a one-tooth bridge, but this bridge was high, and he put a whirling machine in her mouth and ground her upper teeth. She felt like she had lost part of her teeth; they felt unnatural when she chewed, and it pained her very much, sort of tender and could not take hot or cold water or anything in her mouth without experiencing sharp shooting pains that hit the two tender nerves. At a later visit she complained to the doctor and told him he

had cut off those two upper teeth, and he said there was a knob on the tooth and "I took the knob off;" that the teeth pained her right after he worked on them; they were sensitive to heat and cold and she could not masticate at all with them and they pained constantly so she could neither sleep nor eat. She engaged to return again to Dr. Merchant, but did not go. She was next treated in September, 1932, by Dr. Lohr, a dentist in Washington, D. C., who put in a crown and a bridge and built these two cusps up that were cut off and filled these two teeth, since which time she has been relieved somewhat, but never during a waking moment has she been free from pain and some times it is very intense and they hurt when she chews hard victuals.

Plaintiff offered in evidence the deposition of Doctor Vernon J. Lohr, a dentist in Washington, D. C., to whom plaintiff went after the treatments by the defendant. Dr. Lohr testified he had cared for plaintiff's teeth for the past ten years, and examined her teeth in 1926 and 1927, but could not recall what treatments he then gave; that he did some work on plaintiff's teeth about September 8, 1932; in the upper right first and second bicuspids he found and filled one new cavity and two old worn out gold inlays. In the upper left first and second bicuspids he found one new cavity and one old filling with decay around it, which he prepared and inserted two gold inlays; found in the upper left central and upper left lateral two medium sized cavities in which he placed white fillings. In the lower left jaw the second bicuspid and first molar were missing. He restored these teeth on a bridge and put a gold inlay in the first bicuspid. On the right side the first molar was missing. This he restored with a bridge, and put a gold inlay in the first bicuspid. He found that the upper left first and second bicuspids were dressed down. He said the cusps had been shortened, and in placing the inlays in the teeth he restored the part of the cusp that had been removed with gold. He was asked, "Do different doctors use different methods of grinding teeth and cutting them

to fit bridges?" He answered, "Practically every dentist has a different technique for preparing cavities for bridge work." Asked as to condition of the health of plaintiff's upper left jaw, he replied, "I found pockets and some absorption on the process brought about, perhaps, by tartar, cavities, malocclusion, loss of contact, excessive use of alcohol, or many other minor causes."

Dr. A. F. Tyler, an Omaha physician and X-ray specialist, was called as a witness by plaintiff. He offered X-ray films of the bicuspid teeth in question, one of them taken September 18, 1931, and the other on March 1, 1930. In reading the film of September 18, 1931, he described the conditions: "The second bicuspid has a filling in the crown and has a little absorption of the bone along the margin of the gum or just under the margin of the gum," and as far as he could tell from the X-ray it is a natural condition, and as far as he could see from the film the end or bottom of the tooth did not show any cutting or grinding on either the first or second bicuspid. On comparing the films he thought the film of September 18, 1931, shows a slight change in the cusps of the first upper left bicuspid as compared with the film taken in March, 1930; that is, it looks like it might have been worn off a little more than it was in March, 1930, the second bicuspid looks the same in both films, the films do not show either one of them cut off, nor do they show that the cusps are worn down to the nerve or to the pulp of the teeth. He does not think a little wearing of the enamel would produce pain. He further states that it is quite common in refilling teeth or any other work on teeth to grind off part of the cusps, and that such is an every day experience with dentists.

Taking the view of plaintiff's testimony that the defendant ground off the cusps from both the bicuspid teeth, and that she suffered pain, that fact of itself is not proof that the defendant was guilty of negligence.

There is nothing in the testimony of Doctors Lohr and Tyler that indicates there was any material change in the

second bicuspid. The first bicuspid, according to their testimony, showed signs of having been dressed down or worn down, but if both teeth were dressed down, the cutting did not extend through the enamel; neither the pulp nor nerve was exposed. Neither of these expert witnesses testified that plaintiff's teeth had been unskilfully or negligently treated by defendant. Dr. Lohr says each dentist has his own technique in such conditions, and Dr. Tyler says that it is a common practice for dentists to grind down the cusps of teeth when fitting bridges.

The rules governing the duty and liability of physicians and surgeons in the performance of professional services are applicable to practitioners of dentistry. 21 R. C. L. 386, sec. 31.

"In an action against licensed, skilful physicians and surgeons for malpractice, the presumption is that they performed their professional duties with the requisite degree of skill and care, in absence of evidence to the contrary.

"To make a case for damages in an action for malpractice, the burden is on plaintiff to prove actionable negligence that was the proximate cause of an injury pleaded." *McGuire v. Rix*, 118 Neb. 434.

Appellant asserts her right to have the jury pass on her claim, because the result shows of itself that defendant negligently "ground off" the two bicuspid teeth. Appellee insists that the doctrine of *res ipsa loquitur* does not apply and that, in the absence of expert testimony that defendant's treatment of the teeth was negligently done, plaintiff did not establish even a *prima facie* case. As stated by Judge Redick in the opinion in the case of *Tady v. Warta*, 111 Neb. 521, expert testimony is not necessary where the treatment is so outrageous as to furnish of itself an almost conclusive inference of negligence.

In this case, plaintiff's testimony only shows that there was some grinding or dressing down of the teeth, and that thereafter they became painfully tender and susceptible to heat and cold. Such facts do not of themselves establish

negligence, and the testimony of Dr. Lohr and Dr. Tyler shows clearly that the treatment was such as is usually and frequently given by dentists in fitting teeth to bridges. Appellant says it is not an easy matter to obtain testimony from one dentist against another and infers that her two expert witnesses were quick to explain with matter to soften or entirely retrieve admissions or statements that might be prejudicial to other dentists. It is highly improbable that Dr. Lohr, who has treated her teeth for 10 years at Washington, where plaintiff was employed in government service, would stultify himself to exonerate an Omaha dentist from a charge of negligence, if there was in fact such negligence. Plaintiff's complaint against the testimony of these witnesses and dentists generally does not strengthen her case. Furthermore, the evidence shows there were cavities that had to be filled, and that plaintiff's upper left jaw bone had pockets and some absorption on the process, but in giving cause of such troubles, Dr. Lohr does not include the dressing down of the cusps on the teeth. Such diseased condition of the jaw bone may be the cause of discomfort and pain which plaintiff says she suffers.

The judgment of the district court is

AFFIRMED.

Heard, on reargument, before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and YEAGER, District Judge.

PER CURIAM.

This cause was argued during the January, 1934, term and assigned to Honorable John B. Raper, district judge, for the preparation of an opinion. The court ordered a reargument of the cause during the September, 1934, term, and upon reargument the opinion submitted by Judge Raper has been adopted and is filed herewith as the opinion of this court on reargument.