EDWARD RASKEY, GUARDIAN AND CONSERVATOR OF RONALD A.
RASKEY, AN INCAPACITATED PERSON, APPELLANT, V. MICHELIN
TIRE CORPORATION, A FOREIGN CORPORATION; FOOTE TIRE
COMPANY, A DOMESTIC CORPORATION; AND S.P.A. MICHELIN
ITALIANA, A FOREIGN CORPORATION, APPELLEES.

391 N.W.2d 123

Filed August 1, 1986.   No. 85-081.

Susan L. Knight of Johnston, Barber, Wherry & Knight, and
Warren C. Schrempp and Frederick C. Gray of Schrempp,
Hoagland & Gray, for appellant.

John M. Kenney of Law Office of John M. Kenney, and
Kenneth C. Stephan and John R. Hoffert of Knudsen,
Berkheimer, Richardson & Endacott, for appellees Michelin
Tire Corporation and S.p.A. Michelin Italiana.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

GRANT, J.

Plaintiff-appellant, Edward Raskey (hereinafter Raskey),
guardian and conservator of Ronald A. Raskey, an
incapacitated person, appeals from a summary judgment
granted in favor of defendant-appellee S.p.A. Michelin
Italiana, an Italian corporation (hereinafter S.p.A.), and from
two orders sustaining demurrers of S.p.A. to earlier petitions of
Raskey in the same case.

Raskey began his action on behalf of Ronald Raskey against

Michelin Tire Corporation, a New York corporation (hereinafter Michelin), and Foote Tire Company, a Nebraska corporation (hereinafter Foote), by petition filed in the district court for Lancaster County, Nebraska, on June 27, 1979. After various motions and pleadings were filed, and after some discovery, on September 30, 1980, Raskey filed a "Motion to Join Necessary Party." The record shows no court order disposing of this motion, but on January 21, 1981, Raskey filed a fourth amended petition, stating seven causes of action, and naming Michelin, Foote, and S.p.A. as defendants. S.p.A. was named as a defendant for the first time in this fourth amended petition. The case before this court concerns only Raskey and S.p.A.

S.p.A. filed a demurrer to the fourth amended petition on October 9, 1981, raising the statute of limitations set out in Neb. Rev. Stat. § 25-224 (Reissue 1979). The demurrer asserted that all claims against S.p.A. were time barred. After a hearing on March 19, 1982, the court sustained the demurrer, by order dated May 7, 1982, as to all causes not based upon the Nebraska Uniform Commercial Code. In his notice of appeal, Raskey noted his appeal from "The Order of the Lancaster County District Court dated March 19, 1982 sustaining the Demurrer of Appellee S.P.A. Michelin Italiano [sic]." This court assumes the order appealed from is the order of May 7, 1982. Raskey, as part of this appeal, asserts that the trial court erred in sustaining S.p.A.'s October 9, 1981, demurrer as to the non-U.C.C. causes of action.

Raskey then filed a fifth amended petition on May 28, 1982. In the fifth amended petition, Raskey no longer alleged the first, second, or third causes of action against S.p.A. In this aspect, the fifth amended petition differed from the fourth in that the fourth amended petition, in the first three causes of action, alleged negligence, strict liability, and a form of res ipsa loquitur against S.p.A. The fourth cause of action of the fifth amended petition alleged that both Michelin and S.p.A. made certain express warranties as to the tire in question, alleged that Michelin breached such warranties, but did not allege that S.p.A. breached the warranties. The fifth cause of action did not allege any basis for action against S.p.A. The sixth and

seventh causes of action alleged that S.p.A. and Michelin had breached certain implied warranties as to the tire.

A second demurrer was filed by S.p.A. on June 10, 1982. This demurrer asserted that the fourth, sixth, and seventh causes were barred by Neb. U.C.C. § 2-725(2) (Reissue 1980) and that the four remaining causes neither alleged claims against nor sought relief from S.p.A. After a hearing the court entered an order on January 18, 1983, sustaining the demurrer regarding the four causes not related to S.p.A., sustaining the demurrer regarding two more causes under the U.C.C. statute of limitations, § 2-725, but overruling the demurrer as to the cause based upon S.p.A.'s express warranties under the U.C.C. Raskey, as part of this appeal, asserts that the trial court erred in sustaining S.p.A.'s June 10, 1982, demurrer regarding the causes of action based upon implied warranties under the U.C.C. In his notice of appeal, Raskey noted his appeal from "The Order of the Lancaster County District Court dated June 25, 1982 sustaining the Demurrer of Appellee S.P.A. Michelin Italiano [sic]." We assume the order appealed from is the January 18, 1983, order.

On July 29, 1983, Raskey filed a sixth amended petition against Michelin, Foote, and S.p.A. This petition stated three causes of action. S.p.A. answered the sixth amended petition, admitting and denying certain allegations and alleging certain affirmative defenses. Raskey replied to S.p.A.'s answer to the sixth amended petition, asserting, inter alia, that the first and second causes did allege facts sufficient to constitute causes of action against S.p.A.

While the reason is not shown in the record, Raskey filed a seventh amended petition on January 5, 1984. This petition asserted three causes of action, only one of which was directed against S.p.A. On January 23, 1984, S.p.A. filed an answer to the seventh amended petition. S.p.A.'s answer admitted and denied various allegations and asserted various affirmative defenses, including an allegation that the third cause of action "does not allege facts sufficient to constitute a cause of action against [S.p.A.]." The answer prayed that the petition be dismissed with prejudice.

On February 7, 1984, Raskey filed a motion for "leave to

amend his 7th Amended Petition, so that he may include S.P.A. Michelin Italiano [sic] in his first and second causes of action . . . ." On February 24, 1984, Raskey filed a pleading stating, "Plaintiff hereby withdraws his request to amend his 7th Amended Petition . . . ." It is clear that Raskey recognized that only the third cause of action is directed against S.p.A.

S.p.A. filed a motion for summary judgment on July 20, 1984. A hearing was held and evidence was presented on August 27, 1984. The pleadings and evidence submitted at the summary judgment hearing showed the following. S.p.A. was engaged in the manufacture of tires. The subject tire, F5263 90R, was manufactured in Italy by S.p.A. in September 1969 and was sold to Michelin, with title and control passing in Europe. S.p.A. and Michelin have no connection as entities other than through "Compagnie Generale des Etablissements Michelin (the financial holding company of the Michelin Group of Companies)." Michelin purchased the subject tire from S.p.A. and resold it to the retailer, Foote, prior to February 14, 1970. Foote then sold the subject tire to a consumer, Joachim Wunderlich, on or about February 14, 1970. In January 1972 Wunderlich sold the subject tire to Raskey Motor Co., Inc., and Ronald Raskey.

On July 23, 1974, Ronald Raskey was in an accident while driving a vehicle with the subject tire on the left rear wheel, and was permanently injured.

On December 20, 1984, the court granted S.p.A.'s motion for summary judgment and entered a judgment of dismissal as to S.p.A. Raskey, as part of this appeal, asserts that the trial court erred in granting S.p.A.'s motion for summary judgment and dismissing it from the suit.

Raskey has assigned 5 errors: (1) The trial court erred in determining that the commencement of the action against S.p.A. in the fourth amended petition did not relate back to the date when the original petition was filed; (2) The trial court erred in applying the statute of limitations, § 25-224, to Raskey's fourth amended petition and in dismissing those causes of action not brought under the Nebraska U.C.C.; (3) The trial court erred in not applying the provisions of Neb. Rev. Stat. § 25-213 (Reissue 1985) to allow the tolling of the statute

of limitations as to all causes of action; (4) The trial court erred in determining that the sixth and seventh causes of action set forth in the fifth amended petition, which allege a breach of implied warranties for fitness and implied warranties created by advertising, were barred by the statute of limitations in § 2-725; and (5) The trial court erred in determining that S.p.A. was entitled to summary judgment, because material issues of fact remain. These assigned errors are directed to the court's orders dated May 7, 1982, January 18, 1983, and December 20, 1984. For the following reasons we affirm.

In his first through fourth assignments of error, Raskey challenges the orders of the trial court sustaining S.p.A.'s demurrers. As set out below, these assignments of error are disposed of without reaching the merits of the assignments.

S.p.A. contends: "The appellant waived the right to assert error in the rulings of the district court upon demurrers by pleading over and filing amended petitions." We agree. This court is precluded from reviewing or considering these four assignments of error.

In *Hoffman v. Geiger*, 134 Neb. 643, 279 N.W. 350 (1938), *aff'd on rehearing* 135 Neb. 349, 281 N.W. 625, we held that one must stand on the pleading against which a demurrer was sustained in order to preserve the right to appeal. In *Hoffman v. Geiger*, 134 Neb. at 648, 279 N.W. at 353, we stated:

> "In general a plaintiff waives error in sustaining a demurrer to his petition by filing an amended petition." *Wheeler v. Barker*, 51 Neb. 846, 71 N.W. 750. So this is authoritative precedent for the error alleged in sustaining the demurrer to the second amended petition. By pleading over and setting up a cause of action in their third amended petitions, plaintiff and interveners waived any possibility of asserting error in the sustaining by the district court of a demurrer to their second amended petitions. If that is what they wanted to do they should have stood on their second amended petitions and, by refusing to plead further, it would have been the duty of the district court then to dismiss their petitions and thereby to cause a final order to be entered from which they could have appealed. But, instead of thus obtaining a

final order from which they might appeal, they waived that chance by pleading over.

In 4 Am. Jur. 2d *Appeal and Error* § 246 at 742 (1982), it is stated:

A party who, after an order sustaining a demurrer to his pleading, files a new or amended pleading is deemed to have acquiesced in the action of the court upon the demurrer, and ordinarily will not be permitted to appeal or assign such action as error in the appellate court.

See, also, 4 C.J.S. *Appeal and Error* § 212 c. at 622 (1957):

As a general rule, if a party, after an order or judgment on demurrer to pleadings is given against him, under leave of court, amends the pleading demurred to, or substitutes another therefor so as to remove the grounds of the demurrer, he acquiesces in the judgment or order on the demurrer, and will not be permitted to appeal therefrom . . . .

We follow the established rule that one must stand on a pleading against which a demurrer has been sustained in order to preserve the right to appeal the decision on the particular demurrer. When one pleads over by filing an amended petition, one waives the right to assert error in the sustaining of the demurrer.

In this case S.p.A.'s demurrer to Raskey's fourth amended petition was sustained in part and Raskey filed a fifth amended petition, thereby waiving an appeal on the demurrer addressed to the fourth amended petition by pleading over. The court also sustained in part a demurrer to the fifth amended petition, and Raskey again pled over by filing a sixth and a seventh amended petition, thereby waiving any appeal on the fifth amended petition. By pleading over, Raskey has waived his appeal on the demurrers addressed to the earlier petitions. The last petition filed in a case is the petition on which the case is tried. To hold otherwise would mean that neither the courts nor defendants would ever know the issues to be addressed. This case is an example. The transcript in this court consists of 309 pages. If Raskey's position must be determined by extracting allegations appropriate to his present position scattered throughout the court file, issues could never be satisfactorily joined. The first

through fourth assignments of error are without merit.

This disposition of Raskey's first four assignments of error makes it unnecessary to address the issues of reviewing interlocutory orders sustaining demurrers and the effect of a notice of appeal filed January 18, 1985, seeking the review of court orders dated May 7, 1982, and January 18, 1983.

Raskey's final assignment of error is stated as follows: "The trial court erred in determining that S.p.A. Michelin Italiana was entitled to a summary judgment as a matter of law of whether material issues of fact remain." S.p.A. filed a motion for summary judgment. The trial court granted the motion, and from that order this appeal was taken.

The seventh amended petition contained three causes of action. In its motion for summary judgment, S.p.A. asserted that there was no genuine issue of fact and that it was entitled to judgment as a matter of law. In support of its assertion, S.p.A. asserts that the first and second causes of action in the seventh amended petition do not allege or purport to allege any claims against S.p.A. This point has been noted above. S.p.A's assertion on this point is correct.

The only action stated by Raskey against S.p.A. is in the third cause of action. That cause of action, in its entirety, provides:

COMES NOW the plaintiff and for his Third Cause of Action states and alleges:

1. Incorporates paragraphs 1 through 12, 15 and 16 of plaintiff's First Cause of Action as set forth hereinabove, and makes the same a part hereto by this reference.

2. Defendant Michelin Tire Corporation and defendant S.P.A. Michelin Italiano [sic] made certain express warranties in its publication and said publications were distributed by Foote Tire, defendant, which claimed "Michelin X Radial - 40,000 miles Guarantee, Ne IBM 9163 12-68 100 (CC) 6, including: that every Michelin X Radial Tire is guaranteed to be free from manufacturing defects in workmanship and materials; that every Michelin X radial tire is designed to withstand normal road hazards during the life of the original tread of the tire. The term normal road hazards for this purpose shall

include blowouts, fabric breaks and cuts encountered under normal driving conditions which render the tire unserviceable; and that Michelin X radial tire is guaranteed to have an original tread life of 40,000 miles. *Said warranties were breached, at least by failure of the subject tire, by Michelin Tire Corporation which was a proximate cause of Ronald A. Raskey's injuries and damages.*

(Emphasis supplied.)

Paragraphs 1 through 12 and 15 and 16 of Raskey's first cause of action set out the underlying facts concerning the parties and the accident but do not set out any facts resulting in a claim against S.p.A.

In the aggregate of the allegations against S.p.A., the only factual statement which Raskey makes concerning S.p.A. is that S.p.A. made certain warranties. S.p.A. states in its brief at 35 that "appellant [Raskey] alleged that S.p.A. Michelin Italiana breached various express warranties (T223)." The record before us shows no allegation of a breach by S.p.A. However, the matter may be disposed of by considering the only factual matter stated against S.p.A., in the third cause of action, so we need not discuss the question of whether Raskey alleged a breach of warranties against S.p.A.

As above stated, the only factual allegation is that "[d]efendant Michelin Tire Corporation [the New York corporation] and defendant S.P.A. Michelin Italiano [sic] made certain express warranties in its [sic] publication . . . ." S.p.A., in its answer to Raskey's third cause of action, denied that it "made any express warranty as alleged in paragraph 2 of the Third Cause of Action . . . ."

In the hearing on S.p.A.'s motion for summary judgment, the president of S.p.A., by affidavit, stated that S.p.A. "never made any express warranties to anyone . . . ." A vice president of Michelin, also by affidavit received at the motion for summary judgment, stated that S.p.A. had not made any express warranties to it but that Michelin had made certain express warranties on the tire in question, and attached copies of 17 pages of such warranties to his affidavit.

The father of Ronald Raskey, in an affidavit submitted on behalf of plaintiff, alleged that Ronald Raskey had received certain specified warranties when he purchased the tire from Wunderlich, who in turn had purchased the tire from Foote. The Raskey warranties constituted 15 pages of documents, each of which was a duplicate of one of the 17 pages of documents attached to the affidavit of the vice president of Michelin. None of these 15 pages or the additional 2 pages in the Michelin affidavit made any reference to S.p.A. Three of the pages made reference to Michelin Tire Corporation, and one referred to Michelin of Lake Success, New York. The express warranties were not shown to have been made by S.p.A.

Neb. Rev. Stat. § 25-1332 (Reissue 1985) states in part: "The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This statement has been construed to mean that if the moving party submits an affidavit as to a material fact, and that fact is not contradicted by the adverse party, the court will determine that there is no issue as to that fact. As stated in *Mullendore v. School Dist. No. 1, ante* p. 28, 38, 388 N.W.2d 93, 100-01 (1986):

> [T]he party moving for summary judgment has the burden of showing that no genuine issue as to any material fact exists; that party must therefore produce enough evidence to demonstrate his entitlement to a judgment if the evidence remains uncontroverted, after which the burden of producing contrary evidence shifts to the party opposing the motion.

S.p.A.'s factual contention that it issued no express warranties is not only not contradicted by Raskey but the affidavit submitted by Raskey fully supports the existence of the fact as alleged by S.p.A. Thus, there is no genuine issue of material fact. When that is established, it is clear that S.p.A. is entitled to judgment as a matter of law.

Clearly, under the pleadings and affidavits in this case, S.p.A. is entitled to summary judgment. The action of the trial

court in granting summary judgment in favor of S.p.A. is correct and is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.