MARICA BOGARDI, APPELLANT, V. ISTVAN BOGARDI, APPELLEE.

542 N.W.2d 417

Filed January 26, 1996.   No. S-94-097.

Con M. Keating, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., for appellant.

· Steven J. Flodman, of Barlow, Johnson, Flodman, Sutter, Guenzel & Eske, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

Marica Bogardi appeals from the district court's order of December 29, 1993, granting Istvan Bogardi's motion for summary judgment, which resulted in the dismissal of Marica Bogardi's petition for legal separation. The district court received evidence from both parties that they were legally divorced in Hungary. The court stated that there were therefore no issues of material fact and dismissed the action. The district court could not decide issues relating to marital property in the context of a legal separation. We affirm.

## BACKGROUND

The Bogardis were married in Budapest, Hungary, on February 28, 1974. They have two children: Reka, born April 9, 1975, and Peter, born April 15, 1978.

In 1985, they moved to Lincoln, where Istvan Bogardi taught at the University of Nebraska.

In 1991, Istvan Bogardi filed a petition for dissolution of marriage in Budapest, Hungary, in the Hungarian court. At that time, both were domiciled in Hungary.

On September 24, 1992, Marica Bogardi filed in Lancaster County District Court a petition for legal separation from her husband, also seeking alimony and division of certain marital property.

On October 8, the Lancaster County District Court entered an order exercising jurisdiction over the subject matter of the action commenced by Marica Bogardi.

On June 10, 1993, the marriage between the parties was dissolved under Hungarian law by the Hungarian court. On the first page of the order, the Hungarian court noted that both parties were Hungarian domiciliaries.

On September 30, a hearing was held on Istvan Bogardi's motion for summary judgment.

At that hearing, Istvan Bogardi entered his affidavit into

evidence, as well as the Hungarian divorce decree regarding the dissolution of the Bogardis' marriage and the hearing held in Hungary prior to the dissolution. Marica Bogardi entered into evidence her attorney's affidavit, portions of the Hungarian divorce decree with a letter from Marica Bogardi's Hungarian counsel, evidence of the property held in the United States, the deposition of Istvan Bogardi's supervisor, and portions of a deposition of Istvan Bogardi.

The parties did not dispute that the Hungarian court's order dissolving the marriage was a final order. The district court granted the motion for summary judgment. An action for legal separation presupposes an existing marriage. Because the marriage at issue had been dissolved by a final order, the court had no jurisdiction to determine property rights in the context of an action for legal separation.

## ASSIGNMENTS OF ERROR

Marica Bogardi assigns as error that the district court erred in granting a motion for summary judgment where the pleadings, affidavits, depositions, and stipulations showed that there was a genuine issue as to a material fact as to alimony and rights to property because the Hungarian court had not made a determination regarding alimony or the property held in the United States.

Marica Bogardi also asserts that the district court erred in failing to construe any reasonable doubts and inferences in favor of the party opposing summary judgment.

## STANDARD OF REVIEW

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Horace Mann Cos. v. Pinaire*, 248 Neb. 640, 538 N.W.2d 168 (1995); *Oliver v. Clark*, 248 Neb. 631, 537 N.W.2d 635 (1995); *Poppleton v. Village Realty Co.*, 248 Neb. 353, 535 N.W.2d 400 (1995).

After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party.

*Horace Mann Cos. v. Pinaire, supra*; *Oliver v. Clark, supra*; *Krohn v. Gardner*, 248 Neb. 210, 533 N.W.2d 95 (1995).

Summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Callan v. Balka*, 248 Neb. 469, 536 N.W.2d 47 (1995); *Tompkins v. Raines*, 247 Neb. 764, 530 N.W.2d 244 (1995).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Horace Mann Cos. v. Pinaire, supra*; *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995); *Poppleton v. Village Realty Co., supra*.

## ANALYSIS

We look to statutes to determine the appropriate remedy for individuals seeking dissolution of a marital union. See *Else v. Else*, 219 Neb. 878, 367 N.W.2d 701 (1985).

The action sought by Marica Bogardi in this case is legal separation. Legal separation is defined in Neb. Rev. Stat. § 42-347(3) (Reissue 1993), which states, "Legal separation shall mean a decree of a court of competent jurisdiction providing that two persons who have been legally married shall thereafter live separate and apart and providing for any necessary adjustment of property, support, and custody rights between the parties but not dissolving the marriage."

Implicit in the reading of § 42-347(3) is that the parties must be married in order for the court to legally separate them. Legal separation or divorce proceedings cannot be sustained if the parties are not married. See, *Randall v. Randall*, 216 Neb. 541, 345 N.W.2d 319 (1984); *Abramson v. Abramson*, 161 Neb. 782, 74 N.W.2d 919 (1956).

Therefore, the threshold issue of material fact which faced the trial court was the sole issue of material fact necessary to decide this case, that is, whether the parties were married.

The general rule is that the validity of a marriage is determined by the law of the place where it was contracted; if valid there, it will be held valid everywhere, and conversely, if

invalid by the lex loci contractus, it will be invalid wherever the question may arise. *Randall v. Randall, supra*; *Scott v. Scott*, 153 Neb. 906, 46 N.W.2d 627 (1951); *Forshay v. Johnston*, 144 Neb. 525, 13 N.W.2d 873 (1944).

The parties were married in Hungary. The Bogardis are now divorced by a Hungarian court. If we are to recognize the Hungarian marriage as valid, it requires in the same breath that we recognize the Hungarian divorce as valid. Neither party disputes that no valid marriage exists and that the judgment which did this is a final order. In fact, each party offered into evidence Hungarian court documents stating that the parties were no longer married.

Absent a genuine issue of fact as to the marital relationship between the parties—a fact both parties agreed to—the court correctly dismissed the action. See, *Randall v. Randall, supra*; *Abramson v. Abramson, supra*.

The courts of Nebraska have no statutory authority to sustain legal separation proceedings in the absence of a valid marriage.

Marica Bogardi's motion for attorney fees and costs is denied.

## CONCLUSION
The decision of the district court is affirmed.

AFFIRMED.