MEYER BROTHERS, INC., A NEBRASKA CORPORATION, APPELLANT, V. THE TRAVELERS INSURANCE COMPANY, A CORPORATION, ET AL., APPELLEES.

551 N.W.2d 1

Filed June 28, 1996.   No. S-94-853.

David H. Hahn, of Hahn Law Office, for appellant.

Donald R. Witt, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee First National Bank & Trust.

William F. Davis for appellees Larry Volkmer and John Stukenholtz.

Richard H. Hoch, of Hoch & Steinheider, for appellee LeRoy Kreifels.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

This action was filed on June 17, 1988, in the Otoe County District Court. Meyer Brothers, Inc., the appellant, sought, and was denied, a temporary restraining order, a permanent injunction, and damages against The Travelers Insurance Company (Travelers), First National Bank and Trust of Syracuse (FNB&T), Larry Volkmer, John Stukenholtz, LeRoy Kreifels, Paul F. Baltensperger, and Beverly J. Baltensperger, the appellees, for material provided and labor performed in the planting of crops in 1988.

A third amended petition was filed on July 19, 1993. It stated a theory of recovery (unfair and deceptive trade practices) and facts (that the appellees "acted in concert") not included in the original and previous amended petitions. The new cause of action was based on facts that occurred more than 5 years prior to the filing of the third amended petition. The statute of limitations for filing an action for unfair and

deceptive trade practices is 4 years. If the third amended petition alleged new facts, it was barred by the statute of limitations. If it was based on the same facts alleged in the action filed in 1988, it was not so barred. The issue, then, was whether the third amended petition related back to the original petition filed in 1988, in which case, the action would be within the limitations period. The trial court sustained demurrers by three of the appellees to the third amended petition. The appellant was given 30 days from February 8, 1994, to file a fourth amended petition. On March 15, the appellant filed a motion to extend time for filing its fourth amended petition. On August 15, the district court sustained the motion for summary judgment filed by one of the appellees, denied the appellant's motion to file a fourth amended petition, and dismissed the action with prejudice.

The appellant appealed the order of August 15, 1994, to the Nebraska Court of Appeals, arguing that the trial court erred in finding that the third amended petition did not relate back to the original petition. We removed the case from the Court of Appeals' docket pursuant to our power to regulate the caseloads of lower courts. We affirm the judgment of the trial court.

## BACKGROUND

Meyer Brothers' original petition, filed on June 17, 1988, sought an injunction against the appellees, restraining them from preventing the appellant from exercising the rights granted to it under a farm lease. An amended petition, filed September 2, 1988, added a third cause of action for fraud or misrepresentation, but it was directed only against appellees Paul Baltensperger and FNB&T. A second amended petition, filed May 1, 1989, constituted an amendment to the second cause of action of the original petition and, more specifically, simply alleged the damages to be recovered by the appellant in the event it prevailed in the action for an injunction.

The third amended petition, filed July 19, 1993, alleged as to the acts which occurred in 1988 that "[t]he actions of [the appellees], acting in concert was an unfair and deceptive trade practice act" which caused damages to the appellant.

Three of the appellees filed demurrers, which were taken under advisement on November 30, 1993. On February 8, 1994, the trial court sustained the demurrers and gave the appellant 30 days to file a fourth amended petition. On March 2, appellee Kreifels filed a motion for summary judgment to the third amended petition as violative of the statute of limitations.

On March 15, 1994, the appellant filed a motion to extend the time to file a fourth amended petition. The appellees objected to the motion, and in a journal entry dated August 15, 1994, the court sustained the objections interposed by the appellees to the appellant's motion to file a fourth amended petition and denied the appellant's motion. The court further granted appellee Kreifels' motion for summary judgment, which motion was interposed to the third amended petition. The court then dismissed the action with prejudice at the appellant's costs.

The appellant filed an appeal of the August 15, 1994, order to the Court of Appeals. We removed the case from the Court of Appeals' docket pursuant to our power to regulate the caseloads of lower courts.

### ASSIGNMENTS OF ERROR

The appellant originally assigned as error:

1. The court erred in determining that the filing of the third amended petition dismissed, with prejudice, any causes of action not set forth in the third amended petition [sic].

2. The court erred in failing to allow the plaintiffs to file a fourth amended petition.

3. The court erred in granting motions for summary judgment based upon the statute of limitations.

In its reply brief however, the appellant states that the sole issue is whether the third amended petition related back to previous petitions.

In summary, the appellant objects to the court's sustaining of the demurrer on February 8, 1994, and the court's order of August 15, 1994, which dismissed the action after granting appellee Kreifels' motion for summary judgment on the third

amended petition and refused appellant's request to file a fourth amended petition.

## STANDARD OF REVIEW

An appellate court has an obligation to reach conclusions on questions of law independent of the trial court's ruling. *Hearon v. May*, 248 Neb. 887, 540 N.W.2d 124 (1995); *Lincoln Lumber Co. v. Fowler*, 248 Neb. 221, 533 N.W.2d 898 (1995).

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996); *Vowers & Sons, Inc. v. Strasheim*, 248 Neb. 699, 538 N.W.2d 756 (1995); *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995).

In reviewing an order granting a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Blackbird v. SDB Investments*, 249 Neb. 13, 541 N.W.2d 25 (1995); *Hearon, supra*; *Oliver v. Clark*, 248 Neb. 631, 537 N.W.2d 635 (1995); *Medley v. Davis*, 247 Neb. 611, 529 N.W.2d 58 (1995).

## ANALYSIS

According to the appellant, "[t]he sole issue in this appeal is whether the plaintiff\appellant's third amended petition related back to previous petitions." (Emphasis omitted.) Reply brief for appellant at 1.

The original petition in 1988 alleged a cause of action for a temporary restraining order, a permanent injunction, and damages for material provided and labor performed in the planting of crops in 1988. The third amended petition filed in 1993 stated that the actions of the appellees, "acting in concert was an unfair and deceptive trade practice act."

An action must be commenced within 4 years for violation of the Uniform Deceptive Trade Practices Act, Neb. Rev. Stat.

§ 87-303.10 (Reissue 1994), or for fraud, Neb. Rev. Stat. § 25-207(4) (Reissue 1995).

For limitations purposes, an amended pleading in the same cause of action ordinarily relates back to the original pleading. *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993); *West Omaha Inv. v. S.I.D. No. 48*, 227 Neb. 785, 420 N.W.2d 291 (1988); *Kohler v. Ford Motor Co.*, 187 Neb. 428, 191 N.W.2d 601 (1971). If the third amended petition relates back to the original petition, the appellant's cause of action is not barred by the statute of limitations.

The appellees claim that the action outlined in the third amended petition is barred by the statute of limitations. The appellant claims that the third amended petition simply relates to the facts that were outlined in the original petition and that the filing of the third amended petition relates back to the original petition. The appellees respond that the action of the third amended petition changes the cause of action relied upon by the appellant and that it is inappropriate to relate that filing back to the original filing date. See, *St. Paul Fire & Marine Ins. Co., supra*; *West Omaha Inv., supra*; *Kohler, supra*.

A thorough comparison of the original petition and the third amended petition in this case leads to the conclusion that not only has the theory of recovery changed, the evidence needed to support the appellant's claim in the third amended petition is significantly different from the evidence needed to support the claim stated in the original petition. The appellant's assertion that the appellees acted "in concert" is a totally new factual allegation which the appellant would be required to prove in order to support the new cause of action under the unfair and deceptive trade practices act.

Therefore, the filing of the third amended petition does not relate back to the original petition, and because the 4-year statute of limitations for the claim in the third amended petition had run, it appears on the face of that petition that such claim was barred by the statute of limitations.

If a petition alleges a cause of action ostensibly barred by the statute of limitations, such petition, in order to state a

cause of action, must show some excuse tolling the operation and bar of the statute. *Broekemeier Ford v. Clatanoff*, 240 Neb. 265, 481 N.W.2d 416 (1992); *S.I.D. No. 145 v. Nye*, 216 Neb. 354, 343 N.W.2d 753 (1984). We find that the appellant has shown no such excuse, and its cause is therefore barred by the statute of limitations.

Certain appellees further argue that even if the third amended petition related back, the appellant waived any error if it failed to stand on that pleading. On February 8, 1994, the trial court sustained the appellees' demurrers and gave the appellant 30 days to file a fourth amended petition. On March 15, the appellant, out of time, filed a motion to extend the time to file a fourth amended petition, which was denied by the court.

One must stand on a pleading against which a demurrer has been sustained in order to preserve the right to appeal the decision on the particular demurrer. *Hearon v. May*, 248 Neb. 887, 540 N.W.2d 124 (1995); *How v. Mars*, 245 Neb. 420, 513 N.W.2d 511 (1994); *Bert Cattle Co. v. Warren*, 238 Neb. 638, 471 N.W.2d 764 (1991).

The facts in *Bert Cattle Co., supra*, are similar to the facts in the instant case. In *Bert Cattle Co.*, the original petition of the plaintiff was followed by an amended petition. The defendant demurred to the amended petition, which demurrer was sustained, and the plaintiff was given 10 days to file another amended petition. The plaintiff then timely filed a second amended petition which in essence contained the same allegations as the amended petition. Again the defendant demurred, and this demurrer was also sustained. The plaintiff was then given 2 weeks to file a third amended petition. Four and one-half months later, the plaintiff filed a motion for leave to file a third amended petition. Leave was denied, and the action was dismissed.

On appeal, the plaintiff assigned as error the court's sustaining of the defendant's demurrer to the second amended petition. In refusing to address the issue, this court stated:

> As it is well established that one must stand on a pleading against which a demurrer has been sustained in order to preserve the right to appeal the decision on the par-

ticular demurrer, *Raskey v. Michelin Tire Corp.*, 223 Neb. 520, 391 N.W.2d 123 (1986), we address solely the second assignment of error.

*Id.* at 640, 471 N.W.2d at 766.

The facts of this case are not distinguishable from *Bert Cattle Co.*, and we find that the appellant elected not to stand on its third amended petition.

After the appellant's motion to extend the time to file a fourth amended petition was denied, it attempted to file a fourth amended petition, which attempt was also denied. The appellant claims this as error. We assume that the appellant is arguing in the alternative when it assigns this error. By making this argument, the appellant seemingly admits that it did not stand on its third amended petition. See *Bert Cattle Co., supra*. Further, the decision whether to allow or deny an amendment to any pleading lies within the discretion of the court to which application is made. *Cimino v. FirsTier Bank*, 247 Neb. 797, 530 N.W.2d 606 (1995); *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994). We find that denying the motion to extend the time to file a fourth amended petition and subsequently denying an amendment to the action barred by the statute of limitations was not an abuse of discretion.

Finally, regarding whether the court erred in granting summary judgment on the statute of limitations issue, the party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Kocsis v. Harrison*, 249 Neb. 274, 543 N.W.2d 164 (1996); *Bogardi v. Bogardi*, 249 Neb. 154, 542 N.W.2d 417 (1996); *Blackbird v. SDB Investments*, 249 Neb. 13, 541 N.W.2d 25 (1995).

There is not a genuine issue of material fact regarding whether 4 years had passed since the facts which were the basis for the third amended petition occurred in this case. Viewing the evidence in a light most favorable to the appellant, that is, giving the appellant the benefit of all reasonable inferences deducible from the evidence, we find that the summary judgment was proper.

## CONCLUSION

We find that the errors assigned and argued by the appellant centering on the premise that the third amended petition related back to previous petitions are without merit. The appellant's third amended petition did not relate back to the original petition, and the demurrers were properly granted; further, the appellant elected not to stand on its third amended petition. Therefore, the granting of summary judgment and dismissal of the action by the trial court are affirmed.

AFFIRMED.