BRIAN J. SWEENEY, APPELLANT, V.
CITY OF GERING, APPELLEE.

601 N.W. 2d 238

Filed September 14, 1999.   No. A-98-659.

Michael W. Meister, of Meister & Segrist, for appellant.

Richard A. Douglas, of Nichols, Douglas, Kelly, and Meade, P.C., for appellee.

HANNON, MUES, and CARLSON, Judges.

MUES, Judge.

## I. INTRODUCTION

Brian J. Sweeney appeals from the dismissal of his petition against the City of Gering following his election to stand on that petition after the district court granted Gering's demurrer for failure to state a cause of action. Finding that Sweeney's petition did indeed fail to state a cause of action, we affirm.

## II. BACKGROUND

The facts as alleged in Sweeney's operative petition are as follows:

On February 23, 1996, Larry Soto had an International Harvester loader parked on 17th Street near Mitchell Pass

Boulevard in Gering. At approximately 7:17 p.m., Sweeney was driving his 1994 Geo Metro north on 17th Street in his lane of travel when oncoming traffic approached. At that point, 17th Street is a two-lane road. Parking is allowed on both sides of the street. Two vehicles traveling in opposite directions cannot pass each other if there is a vehicle parked on either side of the street at the point where the two vehicles meet. Thus, a driver is required to move further to the right in the event of approaching oncoming traffic. Sweeney drove slightly to the right to accommodate the oncoming traffic.

Due to the glare of oncoming headlights and the color of the loader, which blended into the color of the road and darkness, Sweeney was unable to see the loader and struck it. The right front corner of Sweeney's Metro collided with the left rear corner of the loader.

The loader was parked in an unlit area without adequate warning reflectors or lights and had been allowed to remain parked at that location for several weeks preceding the accident. The pertinent parts of Gering city ordinance No. 1465 provide:

> No motor vehicle or trailer shall be parked on any city street in such a manner that such motor vehicle or trailer creates a traffic hazard by reason of such vehicle, trailer or load thereon unreasonably interfering with or blocking the view of motor vehicles traveling on any city street.
>
> . . . .
>
> No motor vehicle or trailer shall be parked on any city street in such a manner so as to create a traffic hazard by reason of such motor vehicle or trailer blocking or substantially interfering with the view of:
>
> 1. Motor vehicle traffic on any city street. . . .
>
> No object shall be placed, parked or stored on any city street which is not in or on a wheeled motor vehicle or trailer.

We note for the sake of completeness that the ordinance also provides that no motor vehicle shall be parked on any city street in such a manner that it obstructs or interferes with the orderly movement of traffic. However, although the ordinance is attached to Sweeney's petition, he only alleges that the above-quoted portions of the statute were violated.

Sweeney also alleges that police officers employed by Gering are required to enforce city ordinances, that Gering was negligent in its police officers' failure to enforce ordinance No. 1465, and that allowing a traffic hazard to exist on 17th Street for several weeks prior to and on the night of the accident resulted in Sweeney's injuries. Those injuries consisted of medical expenses, $314.75, and property damage, $7,275. Sweeney states that he also complied with the filing requirement of the Political Subdivisions Tort Claims Act. See Neb. Rev. Stat. § 13-905 (Reissue 1997).

### III. PROCEDURAL BACKGROUND

On February 23, 1998, Sweeney filed this negligence action against Gering, alleging that Gering was negligent in its police officers' failure to enforce city ordinance No. 1465. Gering filed a demurrer which alleged that (1) the court had no jurisdiction over Gering or the subject matter of the action, (2) Sweeney lacked legal capacity to sue Gering, (3) Gering had sovereign immunity which had not been waived, and (4) the petition did not state facts sufficient to state a cause of action because (a) the liability of a governmental subdivision cannot be based upon the failure to adopt or enforce traffic regulations, (b) city ordinances are not applicable to Gering in the exercise of its governmental functions, (c) the tort claim filed with Gering is defective in that it does not claim that any person working for Gering committed a negligent act, and (d) Gering had no duty to Sweeney.

The district court, citing *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993), sustained Gering's demurrer on the ground that the petition did not establish that Gering owed a duty to Sweeney. Thus, it did not state facts sufficient to state a cause of action. Sweeney was given 20 days to amend his petition. He chose not to do so, and his petition was dismissed. Sweeney timely appealed to this court.

Sweeney has also assigned errors on this appeal which implicate prior pleadings and orders in a related case. Additional background will be set forth as necessary to discuss these assignments of error.

## IV. ASSIGNMENTS OF ERROR

Sweeney alleges that the lower court erred in sustaining Gering's demurrer on the basis that his petition did not state sufficient facts to state a cause of action. As part of this assigned error, he argues that the trial court erred in failing to consider and follow its prior rulings in a related proceeding. He also alleges error in the sustaining of Gering's demurrer to his original petition on misjoinder grounds.

## V. STANDARD OF REVIEW

In reviewing a ruling on a general demurrer, an appellate court cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence that might be adduced at trial. *Talbot v. Douglas County*, 249 Neb. 620, 544 N.W.2d 839 (1996). When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Professional Bus. Servs. v. Rosno*, 256 Neb. 217, 589 N.W.2d 826 (1999). In ruling on a demurrer, the petition is to be liberally construed; if as so construed the petition states a cause of action, the demurrer is to be overruled. *Id.*

Whether a petition states a cause of action is a question of law regarding which an appellate court has an obligation to reach a conclusion independent of that of the inferior court. *Cobb v. Sure Crop Chem. Co.*, 255 Neb. 625, 587 N.W.2d 355 (1998). If the petition, liberally construed, states a cause of action, a demurrer based on the failure to state a cause of action is to be overruled. *Id.*

## VI. DISCUSSION

### 1. Prior Demurrer

Sweeney argues that the trial court erred in sustaining Gering's earlier demurrer to a previous petition on the basis of misjoinder of causes of action. From what we can glean from our record, Sweeney first commenced this suit against Gering and the owner of the loader, Soto, for injuries and property damage Sweeney received as a result of the collision. Gering filed a

demurrer to that petition, which was sustained on two grounds: improper joinder of causes of action and failure to state a cause of action. Sweeney was granted leave to file separate petitions under Neb. Rev. Stat. § 25-809 (Reissue 1995). The appeal before us is from an order entered in Sweeney's separately docketed proceeding against Gering alone.

Gering argues that the first demurrer was in a separate case that is not properly before us and that the record is not sufficient for us to address this issue. Assuming, without deciding, that the record before us is adequate to address this assignment of error, we find that it must fail.

One must stand on a pleading against which a demurrer has been sustained in order to preserve the right to appeal the decision on the particular demurrer. *Meyer Bros. v. Travelers Ins. Co.*, 250 Neb. 389, 551 N.W.2d 1 (1996); *Raskey v. Michelin Tire Corp.*, 223 Neb. 520, 391 N.W.2d 123 (1986).

> "A party who, after an order sustaining a demurrer to his pleading, files a new or amended pleading is deemed to have acquiesced in the action of the court upon the demurrer, and ordinarily will not be permitted to appeal or assign such action as error in the appellate court."

*Raskey*, 223 Neb. at 525, 391 N.W.2d at 126, quoting 4 Am. Jur. 2d *Appeal and Error* § 246 (1982). Sweeney filed new petitions in separate proceedings after Gering's demurrer was sustained. As such, he has waived his right to assert error in the trial court's sustaining of the demurrer. This assignment of error is without merit.

### 2. CURRENT DEMURRER

#### (a) Cause of Action

Sweeney asserts that the district court erred in sustaining Gering's demurrer on the basis that his petition did not allege sufficient facts to state a cause of action. Neb. Rev. Stat. § 25-806 (Reissue 1995) provides that a defendant may demur to a petition "when it appears on its face . . . (6) that the petition does not state facts sufficient to constitute a cause of action." Sweeney asserts that the facts and the inferences to be drawn from the facts in his petition were sufficient to overcome Gering's demurrer.

██ A statement of "facts sufficient to constitute a cause of action" means a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993). In determining whether the plaintiff's petition states facts sufficient to constitute a cause of action, it is necessary to examine whether specific facts are enumerated which would serve to establish that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's damages. *Id.*

In *Hamilton, supra*, the plaintiff had been assaulted and relied upon the representation of a police officer that he would remain in the area to protect her from further attack. Shortly after the officer left the area, the plaintiff was attacked again. The Supreme Court upheld the decision of the trial court sustaining the city's demurrer on the grounds that the petition failed to state a cause of action.

In determining whether Sweeney's petition stated facts sufficient to constitute a cause of action, it is necessary to examine whether specific facts are enumerated which would serve to establish that Gering or Gering police officers owed a duty to Sweeney, that the duty was breached, and that the breach was the proximate cause of his injuries. The trial court found that no duty existed from the facts alleged in Sweeney's petition.

The trial court found that Sweeney's petition failed to state facts sufficient to establish that a duty existed between Gering and himself. It reasoned that the portion of ordinance No. 1465 relied upon by Sweeney made it unlawful to park the loader on 17th Street if it created a traffic hazard by interfering with or blocking the view of motorists and that Sweeney failed to allege that the loader interfered with or blocked his view or the view of other motorists on 17th Street.

Sweeney argues that the inferences from the facts alleged in his petition were sufficient to withstand the demurrer. Presumably, he means that inherent in his petition is the fact that the loader blocked or interfered with his view. Sweeney alleged that the glare from the oncoming traffic's headlights, which he obviously could see, blended with the color of the loader, causing him to be unable to see the loader. He does not allege that

the loader itself blocked or interfered with his view or the view of any other motorist. As such, we agree that the petition failed to allege that the portion of the ordinance relied on was being violated and thus failed to establish that Gering was in some way responsible for failing to have the loader removed. While we view this omission more as a proximate cause issue than one of duty, we customarily affirm the decision of a trial judge who reaches the right result albeit for the wrong reason. *Boettcher v. Balka*, 252 Neb. 547, 567 N.W.2d 95 (1997).

■ Furthermore, even assuming that we read the petition as reasonably inferring that the loader was blocking or interfering with the view of motorists, Sweeney's petition still fails to allege facts sufficient to establish a duty on the part of Gering. Law enforcement officials and, consequently, state and local governments generally may not be held liable for failure to protect individual citizens from harm caused by criminal conduct. *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993). The existence of a duty, if any, to a particular individual is determined by police actions rather than representations. Hence, more than general reliance is needed to require the police to act on behalf of a particular individual. The plaintiff must specifically act or refrain from acting in such a way as to exhibit particular reliance upon the actions of the police in providing personal protection. Liability may be established, therefore, if the police have specifically undertaken to protect a particular individual and the individual has specifically relied upon the undertaking. *Id.*

■ An actionable duty to provide police service may arise when (1) there is some form of privity between the police department and the victim that sets the victim apart from the general public and (2) there are explicit assurances of protection that give rise to reliance on the part of the victim. *Id.*

In the instant case, based upon the facts alleged in Sweeney's petition, there was no privity that sets Sweeney apart from the general public, nor was there an explicit assurance of protection. Other jurisdictions have addressed this issue and have found that there is no legally enforceable duty owed by a municipality to a plaintiff to regulate and control traffic, including keeping the streets reasonably free from obstructions, absent specific police

action and reliance by the plaintiff on that action. See *Ochoa v. Taylor*, 635 P.2d 604 (Okla. 1981). See, also, *Kirk v. City of Muskogee*, 183 Okla. 536, 83 P.2d 594 (1938).

The question of whether a legal duty exists for actionable negligence is a question of law dependent upon the facts in a particular situation. *Hammond v. Nemaha Cty.*, 7 Neb. App. 124, 581 N.W.2d 82 (1998). Based upon the allegations of Sweeney's petition, Gering owed Sweeney no duty to have the loader removed from 17th Street. As such, Sweeney's petition failed to state a cause of action against Gering.

### (b) Prior Rulings

Sweeney also contends the sustaining of the current demurrer was erroneous in that the district court ignored prior rulings of the court in doing so. Sweeney refers, again, to the order of the trial court on Gering's demurrer to Sweeney's original petition. Therein, the trial court, in addition to finding misjoinder, also concluded that Sweeney had failed to state a cause of action by failing to allege that *any person* had acted negligently, alleging instead only that the "City" was negligent. Sweeney argues that this defect was corrected when he filed his separate petition against Gering alone. In understanding Sweeney's argument, it is important to note that Gering's first and second demurrers were heard by different judges.

Sweeney's argument is not that the first demurrer was improperly sustained, but, rather, that he corrected the flaws identified in the order and that the second district judge was barred from again finding that his second petition was flawed, this time for a different reason. Sweeney cites no authority for his position, but his arguments suggest reliance on the doctrines of res judicata or law of the case. We find neither applies. See *Wicker v. Vogel*, 246 Neb. 601, 521 N.W.2d 907 (1994). The ruling on the first demurrer was not a final judgment nor was it on the merits. Res judicata does not apply. *Id.* Under the law-of-the-case doctrine, the holdings of the appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either

684

expressly or by necessary implication. *Id*. We have no holding of an appellate court here.

"There is authority for the proposition that a successor judge should respect a decision made by a predecessor judge on the same case. . . . However, the concept is more a statement of policy than a reflection. of the limits of the successor judge's power." *Id*. at 604, 521 N.W.2d at 909-10. "The important consideration is that the ultimate ruling be legally correct." *Id*. at 604, 521 N.W.2d at 910.

As previously discussed, Sweeney's separate petition against Gering failed to state a cause of action. The second trial judge's ruling was legally correct albeit based on other grounds not specifically identified in the first judge's ruling on Gering's demurrer to Sweeney's original petition. This assignment of error is without merit.

### VII. CONCLUSION
The district court's order sustaining Gering's demurrer to Sweeney's petition was correct. We affirm the order dismissing Sweeney's petition upon his election to stand on his petition, thus declining to further amend.

AFFIRMED.