ROSIE TADY, APPELLANT, V. J. J. WARTA, APPELLEE.

FILED JANUARY 15, 1924. No. 22609.

1. Physicians and Surgeons: NEGLIGENCE: SUFFICIENCY OF EVIDENCE. In an action against a physician for malpractice, where the acts charged as negligence require in their performance the exercise of professional skill and knowledge, *and are such with respect of which a layman can have no knowledge at all*, the jury may not draw the inference of negligence without the aid of expert testimony as to the quality of such acts to guide them; in such case the doctrine of *res ipsa loquitur* has no application.

2. ——: ——: ——. Evidence examined and *held* insufficient to require the submission to the jury of the question of negligence.

3. Trial: DIRECTION OF VERDICT. By overruling defendant's motion for a directed verdict at the close of plaintiff's case, the court is not precluded from sustaining a similar motion at the close of all the evidence.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*George H. Merten,* for appellant.

*Smith, Schall, Howell, Howard & Sheehan, contra.*

Heard before MORRISSEY, C. J., GOOD and ROSE., JJ., REDICK, District Judge.

REDICK, District Judge.

Action against a physician for malpractice. Defendant was a specialist, known as an oculist and aurist, and was employed by plaintiff to treat her for sinus trouble. An

operation being necessary in the judgment of defendant, for the purpose of treating an infected antrum from which plaintiff was suffering, he used a sharp steel chisel about five inches long, placing it in the nostril and driving it through the antrum bone by the use of a small steel mallet. In doing this a small piece was broken off the point of the chisel and remained imbedded in the bone. Plaintiff testifies that the instrument was broken while the doctor was removing it, when he gave it a twist and a jerk, while defendant claims it broke after he had tapped it two or three times with the mallet. The negligence charged is: (1) That the use of the chisel and mallet was unnecessary and an improper method of treatment; (2) the breaking of the point of the chisel. At the close of plaintiff's evidence defendant moved for a directed verdict, which was denied; but at the close of all the evidence defendant's motion to discharge the jury and dismiss the case was sustained. Motion for new trial having been overruled, plaintiff appeals.

The first error assigned is the sustaining of defendant's motion to dismiss the case. Plaintiff contends that, looking upon the plaintiff's evidence in the most favorable light to plaintiff, as we must do for the purpose of this question, there was sufficient evidence to go to the jury as to defendant's negligence. Thus viewing the evidence, the following facts appear:

The chisel was driven through the maxillary bone in which it was imbedded; that in taking out the chisel the doctor twisted it and jerked it; that the point was broken off and extended partly into the sinus. Two specialists who afterwards treated plaintiff drained the antrum without the use of a chisel. These doctors called by plaintiff testified that the method adopted by defendant was one of the usual methods, and not an improper one; that the instrument will break occasionally without any fault of the operator; that might be caused by an undiscoverable defect in the instrument; the fact that it broke does not indicate lack of care. One of them expressed the opinion

that in the present case the breaking was a mere accident.

The claim that the method of operation was improper must fall in view of the testimony of the experts that it was one of the usual methods, and its selection was a matter for the exercise of the doctor's judgment; and, even though he was mistaken (which was not shown), no liability attaches under such circumstances.

Plaintiff argues that the jury may logically infer from the fact that the chisel broke that defendant negligently used too much force with the mallet. He says: "From said evidence it is just as consistent, logical, and sensible to infer that the instrument broke because the blows struck by the mallet were too severe, as to infer a defect in the instrument. But, no matter which inference be taken, it is still a question for the jury to determine which inference should be drawn. * * * For this court to hold, or to infer, from the above quoted evidence that there was a defect in the instrument is a mere guess." Is it any less a guess for the court or jury to hold that the breaking was caused by too much force? An inference must be based upon some fact from which it properly may be drawn; there is no evidence that the instrument was defective or as to the amount of force used in striking it, so that neither suggested inference is reached by a logical deduction from facts proved, and both would be mere guesses; the evidence furnishes no standard by which the jury may select the proper inference. The breaking of the instrument might have been caused by a defect therein, by use of too much force, by negligence of defendant, or by a mere accident, and the evidence points to neither one of these possibilities in preference to the others. If the instrument broke at the second or third tap of the mallet, it would afford an inference that more force was used than the instrument would bear, but the amount of force to use was for the judgment of the doctor, and the fact affords no inference of negligence unless the doctrine of *res ipsa loquitur* is applicable; that it is not applicable seems well settled.

In *Ewing v. Goode*, 78 Fed. 442, in an action for mal-

practice in removing a cataract from plaintiff's eye, Judge Taft (then circuit judge) said: "If the maxim, *res ipsa loquitur,* were applicable to a case like this, and a failure to cure were held to be evidence, however slight, of negligence on the part of the physician or surgeon causing the bad result, few would be courageous enough to practice the healing art, for they would have to assume financial liability for nearly all the 'ills that flesh is heir to.'" And at page 444: "Again, when the burden of proof is on the plaintiff to show that the injury was negligently caused by defendant, it is not enough to show the injury, together with expert opinion that it might have occurred from negligence and many other causes. Such evidence has no tendency to show that negligence did cause the injury. When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither (citing cases)." It was held in that case: "Upon questions involving a highly specialized art, with respect to which a layman can have no knowledge at all, the court and jury must be dependent upon expert evidence; and, when there is no such evidence to support an allegation depending upon such a question, there is nothing to justify submitting the issue to the jury."

No expert in this case has given it as his opinion that the breaking of the instrument was caused by negligence, but they attribute it to accident such as sometimes occurs without fault of anyone. While it may be proper to infer that the breaking was caused by excessive force or by the twisting and jerk, the question still remains whether, in view of the operation being performed, those were negligent acts, and this was a question not within common knowledge, but one exclusively for experts.

"What is proper and usual practice in examining and treating an injury, and what constitutes ordinary care by a physician, can only be shown by expert testimony." *McGraw v. Kerr,* 128 Pac. 870 (23 Colo. App. 163). See, also, *Adolay v. Miller,* 60 Ind. App. 656, where it was

observed: "There is no evidence from any physician who has given the jury any standard by which the fact in dispute could be properly determined, and, since the jury is not permitted to draw the conclusion of unskilfulness from the result of the operation or treatment, it seems to us to permit the jury to determine the case without some competent evidence as a standard from which it might be determined whether the services rendered by appellees were done with reasonable care and skilfulness would be to permit a determination of that question from mere speculation and conjecture." In *Miller v. Toles*, 183 Mich. 252, it was held that there must be expert testimony tending to show malpractice, or the jury may not draw inferences of negligence. To the same effect: *Zoterell v. Repp*, 187 Mich. 319; *Houghton v. Dickson*, 29 Cal. App. 321. The rule is not without exceptions, as where the treatment is so outrageous as to furnish of itself an almost conclusive inference of negligence, such cases are well illustrated by the remarks of Weaver, J., in *Evans v. Roberts*, 172 Ia. 653: "If a surgeon, undertaking to remove a tumor from a person's scalp, lets his knife slip and cuts off his patient's ear, or, if he undertakes to stitch a wound on the patient's cheek, and, by an awkward move, thrusts his needle into the patient's eye, or, if a dentist, in his haste, leaves a decayed tooth in the jaw of his patient, and removes one which is perfectly sound and serviceable, the charitable presumptions which ordinarily protect the practitioner against legal blame where his treatment is unsuccessful are not here available." The kind of operation, the instruments proper to be used, the amount of force necessary in driving the chisel, the proper method of extracting it, were all questions of special knowledge involving special professional skill and attention, failure to exercise which could only be determined by experts. We conclude there was no evidence warranting the submission of the case to the jury.

A further contention of appellant is that, the court having overruled defendant's motion for a directed verdict at the close of plaintiff's case, it was thereby established

that a *prima facie* case had been made and the court could not thereafter sustain such a motion. No court is required to persist in error, and, if he concludes that a former ruling was wrong, he may correct it at any time while the case is still in his control.

Error is assigned upon the ruling of the court striking out certain evidence of plaintiff as to a conversation with defendant the day after the operation, in which he said: "I worried my head off about you, I know we did more than we should." The witness was interrupted at this point by the motion: "Plaintiff contends that the statement was an admission against interest and should not have been stricken." The words above quoted came at the close of a long rambling answer of the witness (three-fourths of a typewritten page). The sentence is not complete, and, standing by itself, is not intelligible. No offer of what it was expected to prove by a complete answer was made; in this state of the record we cannot say that the ruling was error.

Finding no error in the record, the judgment is

AFFIRMED.