BYFORD LOCKARD AND LORETTA LOCKARD, HUSBAND AND WIFE, APPELLANTS, V. NEBRASKA PUBLIC POWER DISTRICT, A PUBLIC CORPORATION, APPELLEE.

546 N.W.2d 824

Filed May 3, 1996.   No. S-94-587.

Douglas E. Merz, of Weaver & Merz, for appellants.

Noyes W. Rogers, of Grant, Rogers, Maul & Grant, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and GERRARD, JJ.

WRIGHT, J.

Byford Lockard and Loretta Lockard filed this inverse condemnation action against the Nebraska Public Power District (NPPD), alleging that the installation of a faulty electric meter caused damage to their property for which they were entitled to be compensated. From an award by the appraisers, NPPD appealed to the district court. The district court granted summary judgment to NPPD, and the Lockards appeal.

## SCOPE OF REVIEW

On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Kramer v. Miskell, ante* p. 662, 544 N.W.2d 863 (1996).

## FACTS

The Lockards owned a grocery store in Richardson County, Nebraska, from September 1973 to June 1984. NPPD provided electrical service to the Lockards' property and installed an electric meter to measure the electrical power used by the business.

Through either improper installation or a faulty meter, the Lockards were charged for twice the power actually provided to the business by NPPD. The overcharges were discovered around March 1988. Through negotiations, the parties were able to determine the amount of the overcharges plus accumulated interest, and on June 24, 1988, NPPD tendered $31,747.21. The amount of the overcharges is not an issue in this case.

In May 1988, the Lockards filed this inverse condemnation action against NPPD, alleging that the installation of the faulty meter caused damage to their property for which they were entitled to be compensated. The petition alleged that the overcharges damaged the value of the business property, but was not specific as to how the value was damaged. In a separate action, NPPD sought to enjoin the Lockards and the county court from proceeding with the inverse condemnation action. An injunction was granted by the district court, but this court dissolved the injunction. See *Nebraska Pub. Power Dist. v. Lockard*, 237 Neb. 589, 467 N.W.2d 53 (1991).

After remand, this inverse condemnation action was allowed to proceed. The appraisers ultimately awarded the Lockards $105,000. NPPD appealed to the district court and moved for summary judgment, alleging that the acts of NPPD were not subject to an inverse condemnation action. The Lockards also moved for summary judgment, requesting that the district court dismiss the appeal. The district court granted summary judgment in favor of NPPD, and the Lockards appeal.

## ASSIGNMENTS OF ERROR

The Lockards assert that the district court erred in (1) failing to dismiss NPPD's appeal and (2) granting NPPD's motion for summary judgment.

## ANALYSIS
### PROCEDURAL ARGUMENTS

The Lockards' assertions that NPPD's appeal to the district court should have been dismissed because NPPD did not file a bond for costs, failed to diligently prosecute the appeal, and failed to deposit the amount of the award of the appraisers with the county court are without merit and are not supported by any authority. Neb. Rev. Stat. § 70–680 (Reissue 1990) provides that no bond shall be required of a public power district. Neb. Rev. Stat. § 76–711 (Reissue 1990) provides that the condemnor shall not acquire any interest in or right to possession of the property condemned until he or she has deposited with the court for the use of the condemnee the amount of the condemnation award. Here, the claim is based on overcharges for electrical service. Therefore, the failure to deposit the amount of the award under the facts of this case could not result in an abandonment of the condemnation proceedings. There is no evidence as to why the appeal took 3 years and, therefore, no basis for an argument that the district court should have dismissed the appeal because NPPD was not diligent.

The Lockards also assert that NPPD accepted the appraisers' award by tendering $1,005.28 to be applied toward the judgment. The record indicates NPPD paid this amount as the costs assessed, the payment of which did not constitute an acceptance or waiver of NPPD's right to appeal.

Finally, the Lockards assert that NPPD failed to file a statement of errors pursuant to Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1992) and failed to deposit a docket fee as provided by Neb. Rev. Stat. § 25–2729(1)(b) (Reissue 1989). The Lockards rely upon the wrong statute. The procedure for an appeal is governed by Neb. Rev. Stat. § 76–717 (Reissue 1990), which provides that the filing of the notice of appeal shall confer jurisdiction on the district court.

None of these arguments have any merit.

### CLAIM FOR DAMAGES

We now address the basic issue of whether a claim for damages resulting from overcharges for electrical service can be brought in an action for inverse condemnation. The Lockards

argue that their property was damaged for a public use when they were overcharged for electrical service and that, therefore, they are entitled to compensation. Neither of the parties specifically set forth what the damages are.

The Lockards' brief states: "Byford Lockard and Loretta Lockard are entitled to compensation based upon the full extent of the taking and the full extent of the rights actually acquired by Nebraska Public Power District." Brief for appellants at 15. The Lockards argue that their "measure of compensation is not the diminished market value, but the value of the use for the property damaged." *Id.* at 16. It would appear that the Lockards claim their damages are the value to NPPD of the use of the money collected as a result of the overcharges.

An inverse condemnation action is "a shorthand description for a landowner suit to recover just compensation for a governmental taking of the landowner's property without the benefit of condemnation proceedings." *Whitehead Oil Co. v. City of Lincoln*, 245 Neb. 680, 684, 515 N.W.2d 401, 405 (1994). In a condemnation action, some right in property must be taken or damaged to afford a basis for relief. The action must involve a direct interference in some property, and although it need not be a direct physical invasion of the property, there must be a taking of or damage to the property itself. See *City of Omaha v. Matthews*, 197 Neb. 323, 248 N.W.2d 761 (1977). See, also, *Patrick v. City of Bellevue*, 164 Neb. 196, 82 N.W.2d 274 (1957). There must be an actual invasion of private property rights or an impairment or destruction of a private right. See *Spurrier v. Mitchell Irrigation District*, 119 Neb. 401, 229 N.W. 273 (1930), *overruled on other grounds, Snyder v. Platte Valley Public Power and Irrigation District*, 144 Neb. 308, 13 N.W.2d 160 (1944), and *Halstead v. Farmers Irr. Dist.*, 200 Neb. 314, 263 N.W.2d 475 (1978).

In *Whitehead Oil Co., supra*, we awarded damages in an inverse condemnation action for the fair rental value of the Whitehead property as a site for a convenience store from the date the use permit should have been issued by the city of Lincoln. The Lockards have asked this court, in effect, to extend the doctrine of inverse condemnation to the loss of use of their money as a result of the electrical service overcharges.

This we decline to do. Compensation for the loss of use of money is usually in the form of interest. We hold that the Lockards' claim for damages resulting from overcharges for electric service does not constitute a taking or damaging of property for purposes of an action for inverse condemnation.

## CONCLUSION

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zion Wheel Baptist Church v. Herzog, ante* p. 352, 543 N.W.2d 445 (1996). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id*. We find that NPPD is entitled to judgment as a matter of law. The district court's decision granting summary judgment in favor of NPPD is affirmed.

AFFIRMED.

CONNOLLY, J., not participating.