ANDERZHON/ARCHITECTS, INC., APPELLEE, v. 57 OXBOW II PARTNERSHIP AND MICHAEL KRILL, APPELLANTS.

553 N.W.2d 157

Filed September 27, 1996.   No. S-94-575.

Michael Krill, pro se.

Gregory C. Scaglione and, on brief, Richard J. Gilloon for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

In this litigation, Anderzhon/Architects, Inc. (Anderzhon), seeks payment from the defendants, 57 Oxbow II Partnership (Oxbow) and Michael Krill, for services Anderzhon rendered

to Oxbow and Krill pursuant to the terms of a standard, written form agreement, B141 of the American Institute of Architects, which was executed by all the parties.

The district court for Douglas County sustained Anderzhon's motion for summary judgment and awarded Anderzhon judgment in the amount of $10,296.34.

Oxbow and Krill filed an appeal to the Nebraska Court of Appeals. We removed the appeal to this court's docket pursuant to our power to regulate the caseloads of the appellate courts.

The record reflects no dispute as to any material fact. We affirm the trial court's decision that Anderzhon is entitled to summary judgment against Krill as a matter of law.

We dismiss the appeal as it pertains to Oxbow because, at the time of filing the notice of appeal and thereafter through argument in this court, Oxbow was represented by an individual not authorized to practice law in this state.

## ASSIGNMENT OF ERROR

Restated and summarized, Krill claims that the district court erred in sustaining Anderzhon's summary judgment motion after finding there was no written agreement between the parties fixing a design cost limitation for the project set forth in the written contract between Krill and Anderzhon.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Schiffern v. Niobrara Valley Electric,* ante p. 1, 547 N.W.2d 478 (1996).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Lockard v. Nebraska Pub. Power Dist.,* 249 Neb. 971, 546 N.W.2d 824 (1996).

## FACTS

It must be noted from the outset that at all times material to these facts, Krill represented or purported to represent Oxbow as its attorney. We take judicial notice that Krill was licensed to practice law in this state at the time Anderzhon filed this lawsuit and Oxbow filed its answer.

In its district court petition, Anderzhon alleged that it entered into a written contract with Oxbow and Krill in which Anderzhon agreed to prepare documents for the design and construction of a residential apartment complex in Sioux Falls, South Dakota. Anderzhon alleged that it completed the documents and that Oxbow and Krill refused to pay the contractually agreed amount of $16,062.68. The first cause of action in the petition was against Oxbow, and the second cause of action was against Krill.

Oxbow and Krill answered with an affirmative defense, alleging that Anderzhon was required to design an apartment project that could be built within a certain budget and that as designed, the project could not be built within that budget.

Anderzhon moved for summary judgment in the district court for Douglas County and at the February 11, 1994, summary judgment hearing offered three exhibits, which were received in evidence: (1) a photocopy of the original contract, (2) Anderzhon's affidavit, and (3) Oxbow and Krill's answers to Anderzhon's interrogatories and answers to the request for admissions. Oxbow and Krill offered no evidence in opposition to the motion for summary judgment at the hearing. The record reflects that no affidavits in opposition to Anderzhon's summary judgment motion were admitted into evidence prior to the court's ruling on Anderzhon's summary judgment motion.

The summary judgment record further reflects that Anderzhon entered into a contract with Oxbow and Krill, Oxbow's general partner, on December 28, 1989. Anderzhon agreed to provide architectural services for Oxbow for a total basic compensation of $17,500. As to cost considerations, § 5.2.2 of the contract states in relevant part: "*No fixed limit of Construction Cost shall be established as a condition of this Agreement by the furnishing, proposal or establishment of a*

*Project budget, unless such fixed limit has been agreed upon in writing and signed by the parties hereto.*" (Emphasis supplied.)

The summary judgment record reflects that Anderzhon fully performed the work called for in the contract. Oxbow and Krill anticipated that the construction costs of the project would be approximately $27,000 to $30,000 per unit. However, the record fails to reflect that any written agreement regarding cost considerations was signed by the parties to the contract. The plans designed by Anderzhon put the costs of construction at approximately $39,000 to $43,000 per unit.

The summary judgment record reflects that Oxbow and Krill, at the time summary judgment was entered, still owed Anderzhon a balance of $10,296.34 for services Anderzhon rendered pursuant to the December 28, 1989, agreement.

On May 10, 1994, the trial court sustained Anderzhon's motion for summary judgment. The trial court found that (1) Anderzhon fully performed under the contract and was entitled to payment, (2) there was no written term in the contract establishing a construction budget constraint, and (3) the contract provided that no fixed limit of construction costs could be established as a condition of the contract unless agreed to in writing and signed by the parties. On June 9, 1994, Oxbow and Krill purportedly appealed from the trial court's order.

On February 28, 1995, after the case was pending on appeal before this court, Oxbow and Krill moved to amend the bill of exceptions to include an affidavit of John Hoelzel, a general partner in Oxbow. The trial court on February 28 ordered that "the Affidavit of John H. Hoelzel be received in evidence (as it was indeed considered by the Court in ruling on the Summary Judgment motion herein) and made part of the Amended Bill of Exceptions in this case."

## ANALYSIS

Initially, we take judicial notice that since April 13, 1993, Krill has been an inactive member of the Nebraska State Bar Association and not authorized to practice law in this state.

Neb. Rev. Stat. § 7-101 (Reissue 1991) provides:

Except as provided in section 7-101.01 [relating to certified law students], no person shall practice as an attorney or counselor at law, or commence, conduct or defend any action or proceeding to which he is not a party, either by using or subscribing his own name, or the name of any other person, or by drawing pleadings or other papers to be signed and filed by a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the Supreme Court of this state. No such paper shall be received or filed in any action or proceeding unless the same bears the endorsement of some admitted attorney, or is drawn, signed, and presented by a party to the action or proceeding. It is hereby made the duty of the judges of such courts to enforce this prohibition. Any person who shall violate any of the provisions of this section shall be guilty of a Class III misdemeanor, but this section shall not apply to persons admitted to the bar under preexisting laws.

Krill violated § 7-101 when he represented Oxbow in a legal capacity at all times following April 13, 1993, which includes the date of the summary judgment hearing, the date Krill sent to the trial court an affidavit in opposition to Anderzhon's summary judgment motion, the date he filed Oxbow's appeal, and the date he appeared before this court on behalf of Oxbow. Proceedings in a suit by a person not entitled to practice law are a nullity, and the suit may be dismissed. *Niklaus v. Abel Construction Co.*, 164 Neb. 842, 83 N.W.2d 904 (1957). As a result, this appeal, as it pertains to Oxbow, must be dismissed.

As to Krill's appeal, the trial court lacked jurisdiction on February 28, 1995, to receive into evidence Hoelzel's affidavit, because Krill had already filed his appeal from the trial court's order sustaining Anderzhon's summary judgment.

After an appeal has been perfected to an appellate court, the trial court is without jurisdiction to hear a case involving the same matter between the same parties. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995). We have uniformly held that lower courts are divested of subject matter jurisdiction over a particular

case when an appeal of that case is perfected. *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995). In the instant case, the trial court received and entered into evidence Hoelzel's affidavit after Krill perfected his appeal to the Court of Appeals. As such, the trial court lacked jurisdiction to receive that evidence into the record.

The practice of considering exhibits that have not been offered into evidence at a hearing is condemned and prohibited, because such practice denies an opposing litigant of the opportunity to object to exhibits submitted to a court before a ruling is made.

Neb. Rev. Stat. § 25-1332 (Reissue 1995), in regard to motions for summary judgment, provides that after a motion for summary judgment has been filed, the adverse party *prior to the day* of the hearing may serve opposing affidavits. Because Hoelzel's affidavit was not timely or properly offered or properly received into evidence when the trial court had jurisdiction, it could not be considered by the trial court and cannot be considered on appeal.

A review of the record properly before this court reveals that the evidence submitted in support of Anderzhon's motion for summary judgment was uncontroverted. Anderzhon performed as it agreed in the contract. At the time of the hearing on Anderzhon's summary judgment motion, the balance of the compensation due Anderzhon for its services was $10,296.34. A movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to a judgment if the evidence was uncontroverted at trial. At that point, the burden of producing evidence shifts to the party opposing the motion. *Washa v. Miller*, 249 Neb. 941, 546 N.W.2d 813 (1996); *Keefe v. Glasford's Enter.*, 248 Neb. 64, 532 N.W.2d 626 (1995). The record reflects that Krill did not timely offer any evidence in opposition to Anderzhon's motion for summary judgment.

Krill contends that the agreement with Anderzhon was not integrated and that therefore parol evidence regarding budget considerations should be added to the terms of the contract. When parties reduce an agreement to a writing, which in view of its completeness and specificity reasonably appears to be a

complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression. *Leo A. Daly Co. v. Omaha-Douglas Public Bldg. Comm.*, 212 Neb. 533, 324 N.W.2d 252 (1982). Section 5.2.2 of the contract specifies that construction costs are not a condition of the agreement unless such a condition is made by the parties in writing. The record fails to reflect that the parties made such a writing. The record properly before this court reflects that Anderzhon and Krill intended the contract to be a final expression of the terms it contains with regard to project budget limitations. Accordingly, the trial court did not err in sustaining Anderzhon's motion for summary judgment.

## CONCLUSION

We affirm the trial court's granting summary judgment against Krill, since there is no genuine issue of material fact in the case at bar. Anderzhon performed services pursuant to a contract, and Krill owes Anderzhon the agreed upon compensation for those services. Oxbow's appeal was a nullity because it was represented by an individual not authorized to practice law in Nebraska.

AFFIRMED.