STEPHEN VILCINSKAS, APPELLANT, V. HELEN C. JOHNSON,
PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD JOHNSON,
M.D., AND HARRY C. HENDERSON, JR., M.D., APPELLEES.

562 N.W.2d 57

Filed April 18, 1997.   No. S-95-489.

E. Terry Sibbernsen and Mandy L. Strigenz, of E. Terry Sibbernsen, P.C., for appellant.

John R. Douglas and John R. Klein, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee Henderson.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and CHEUVRONT, D.J.

CHEUVRONT, D.J.

In this medical malpractice action, the plaintiff, Stephen Vilcinskas, appeals the order of the district court for Douglas County sustaining the motion for summary judgment of the defendant-appellee Harry C. Henderson, Jr., M.D.

## ASSIGNMENTS OF ERROR

Vilcinskas contends the district court erred (1) in finding that no genuine issue of material fact existed, (2) in finding that his experts were unqualified, and (3) in finding that Henderson met the applicable medical standard of care.

## FACTS

On September 19, 1988, Vilcinskas saw Richard Johnson, M.D., a general practitioner, after suffering severe headaches, high temperature, and disorientation. Johnson contacted Vilcinskas' mother, who said Vilcinskas had been using marijuana and had a history of violence. Believing that Vilcinskas was suffering from acute psychosis and other mental problems, Johnson asked Henderson, a psychiatrist, to consult on the case and to have Vilcinskas admitted to the psychiatric ward intensive care unit at Richard H. Young Memorial Hospital (Richard Young Hospital). Vilcinskas was admitted to Richard Young Hospital at 3:50 p.m. on September 19.

Following Vilcinskas' admission, Henderson was informed by a staff nurse at approximately 7:45 p.m. on September 19 that Vilcinskas had a temperature of 103 degrees. Believing the elevated temperature to be a medical, rather than psychiatric condition, Henderson requested the nurse to immediately contact Johnson for instructions and to inform Henderson of Johnson's orders. Johnson did order a chest x ray and blood cultures, as well as other tests.

Henderson examined Vilcinskas around 10 a.m. on September 20 and ordered that a neurological examination be performed. In his deposition, Henderson testified that Vilcinskas' condition "look[ed] like [it was] an infectious procedure" and that he was worried about Vilcinskas' medical condition at the time he was admitted to Richard Young Hospital.

On September 21, Henderson had Vilcinskas transferred from Richard Young Hospital to the intensive care unit at

Lutheran Medical Center, where he was diagnosed with herpes simplex encephalitis, a rare condition.

On July 27, 1990, Vilcinskas filed suit against Johnson, Henderson, and Richard Young Hospital, contending that each acted negligently in his or its capacity as a medical caregiver. Johnson and Richard Young Hospital have been dismissed as party defendants. Henderson moved for summary judgment, and a hearing on the motion was held on September 23, 1994. In support of his motion, Henderson offered the affidavit of Dr. Bruce Gutnik, a psychiatrist practicing in Omaha, Nebraska, and the depositions of Vilcinskas' experts, Dr. Fred J. Pettid, a board-certified family practitioner in Omaha; Dr. Daniel Kuritzkes, an infectious disease and internal medicine specialist from the University of Colorado; and Dr. Matthew J. Severin, a microbiologist from Omaha. In his affidavit, Gutnik stated that after reviewing the various medical records relating to the case and the deposition of Henderson, he was of the opinion that Henderson met the standard of care required of a psychiatrist in Omaha in regard to Vilcinskas.

In opposition to the motion for summary judgment, Vilcinskas offered the deposition of Henderson; the deposition of Dr. Dennis Daley, a board-certified internal medicine specialist practicing in Omaha; the deposition of Gutnik; and the affidavit of Pettid. In his affidavit and deposition, Pettid stated that Henderson failed to meet the applicable standard of care in treating Vilcinskas for his medical condition. On March 6, 1995, the district court sustained the motion for summary judgment, finding, in effect, that only a psychiatrist is qualified to express an opinion on the applicable standard of care required of a fellow psychiatrist, "even on a purely medical problem." Since the only opinion from a psychiatrist was that Henderson met the standard of care, the motion was sustained. Following the overruling of his motion for a new trial, Vilcinskas appealed to the Nebraska Court of Appeals. The case was removed to this court's docket pursuant to Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## STANDARD OF REVIEW

Summary judgment is to be granted when there is no genuine issue of material fact and the moving party is entitled to judg-

ment as a matter of law. *Boyd v. Chakraborty*, 250 Neb. 575, 550 N.W.2d 44 (1996); *Bogardi v. Bogardi*, 249 Neb. 154, 542 N.W.2d 417 (1996). Under this court's standard of review, summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Burke v. Blue Cross Blue Shield*, 251 Neb. 607, 558 N.W.2d 577 (1997); *Stones v. Sears, Roebuck & Co.*, 251 Neb. 560, 558 N.W.2d 540 (1997).

On a motion for summary judgment, the question is not how a factual issue is to be decided, but whether any real issue of material fact exists. *Melick v. Schmidt*, 251 Neb. 372, 557 N.W.2d 645 (1997); *State Farm v. D.F. Lanoha Landscape Nursery*, 250 Neb. 901, 553 N.W.2d 736 (1996). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997); *Bohl v. Buffalo Cty.*, 251 Neb. 492, 557 N.W.2d 668 (1997).

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Tess, supra; Melick, supra.* After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Melick, supra; Swoboda v. Mercer Mgmt. Co.*, 251 Neb. 347, 557 N.W.2d 629 (1997).

In this case, we must therefore determine whether, when viewing the evidence in a light most favorable to Vilcinskas, any real issue of material fact existed concerning whether Henderson met the requisite standard of care in his treatment of Vilcinskas.

## ANALYSIS

This court has held that an affidavit of a defendant physician in a malpractice case, which affidavit states that the defendant

did not breach the appropriate standard of care, presents a prima facie case of lack of negligence for the purposes of summary judgment. *Boyd, supra*, citing *Wagner v. Pope*, 247 Neb. 951, 531 N.W.2d 234 (1995). At the time Henderson moved for summary judgment, he offered, and the trial court received into evidence, the affidavit of Gutnik, an Omaha psychiatrist, which stated that it was Gutnik's opinion, with a reasonable degree of medical certainty, that Henderson "met the standard of care required of a psychiatrist in Omaha, Douglas County, Nebraska, in regard to Stephen Vilcinskas." Such evidence was sufficient to present a prima facie case of lack of negligence for summary judgment purposes. See *Boyd, supra*. Thereupon, the burden shifted to Vilcinskas to produce evidence demonstrating an issue of material fact which would prevent judgment as a matter of law for Henderson. The issue in this case is whether the testimony and affidavit of Pettid, an Omaha family practitioner, was sufficient.

This court has held that "[w]hether a specific manner of treatment or exercise of skill by a physician, surgeon, or other professional demonstrates a lack of skill or knowledge or failure to exercise reasonable care is a matter that, usually, must be proved by expert testimony." *Medley v. Davis*, 247 Neb. 611, 618, 529 N.W.2d 58, 63 (1995). Henderson argues, and the district court found, that because Henderson is a psychiatrist, his duty of care is limited to psychiatric care. Further, Henderson argues that Pettid, a family practice specialist, is not qualified to render an opinion on the standard of care applicable to a psychiatrist. Vilcinskas concedes that Henderson did not act negligently in rendering psychiatric care. Rather, Vilcinskas contends that "[t]he key issue in this case is [Henderson's] actions as a *medical doctor*, not as a psychiatrist." Brief for appellant at 9.

This court has held that the testimony of qualified medical doctors cannot be excluded simply because they are not specialists in a particular school of medical practice. *Ashby v. First Data Resources*, 242 Neb. 529, 497 N.W.2d 330 (1993), citing *Harris v. Smith*, 372 F.2d 806 (8th Cir. 1967). Instead, experts or skilled witnesses will be considered qualified if, and only if, they possess special skill or knowledge respecting the subject matter involved so superior to that of persons in general as to

make the expert's formation of a judgment a fact of probative value. *Ashby, supra*, citing *Brown v. Farmers Mut. Ins. Co.*, 237 Neb. 855, 468 N.W.2d 105 (1991).

Pettid's affidavit stated that he was familiar with the standard of care required of a psychiatrist when such psychiatrist is treating a patient with a medical problem. It is undisputed that Pettid is a qualified medical doctor who could, and did, testify with a reasonable degree of medical certainty as to the standard of care for a *medical* doctor, be it a psychiatrist or any other licensed medical doctor, at the time and place of the events in this case. The fact that Pettid is not a psychiatrist does not automatically disqualify him from rendering an expert medical opinion in this matter. Both parties admitted that Johnson and Henderson were attempting, to some degree, to treat Vilcinskas for a medical problem. Testimony as to the applicable standard of care in such a case, by a qualified medical doctor, is sufficient to demonstrate an issue of material fact.

Accordingly, we conclude that when viewing the evidence in a light most favorable to Vilcinskas, a reasonable inference can be drawn from the testimony of Pettid that Henderson's conduct did not comport with the standard of care for a medical doctor in the treatment of Vilcinskas. Such evidence is sufficient to create a genuine issue of material fact concerning whether Henderson's actions constitute negligence.

In conclusion, the district court erred in granting Henderson's motion for summary judgment. Therefore, we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.