JEAN M. BOYLE, APPELLANT, V. JAMES R. WELSH, APPELLEE.

578 N.W. 2d 496

Filed April 28, 1998.   No. A-97-249.

Kathy Pate Knickrehm for appellant.

James R. Welsh, of Bradford, Coenen & Welsh, pro se.

MILLER-LERMAN, Chief Judge, and IRWIN and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Jean M. Boyle brought a legal malpractice case against James R. Welsh, and Welsh was granted summary judgment. The district court for Douglas County granted Welsh's motion for summary judgment because Boyle failed to offer expert evidence at the hearing on the motion to establish the requisite standard of care owed by Welsh to her and to establish a breach of that standard of care. Thereafter, Boyle timely appealed the order granting summary judgment. We affirm in part, and in part reverse, and remand for further proceedings.

## II. FACTUAL BACKGROUND

The underlying facts of this case are largely undisputed. In September 1990, Boyle retained Welsh, an attorney licensed in Nebraska, to represent her regarding a medical malpractice claim. Boyle sought to establish that her treating physicians provided negligent care to her following modified radical mastectomy surgery on April 25, 1990. Following the surgery, Boyle was hospitalized for toxic shock syndrome from June 11 to July 10, 1990. Boyle's primary physician was Dr. Patrick A. Smith. After the surgery, Boyle was also seen and treated on at least one occasion by Dr. Smith's partner, Dr. John W. Monson.

On behalf of Boyle, Welsh filed suit against Dr. Smith. The case was tried to a jury in April 1994, and a verdict was rendered in favor of Dr. Smith and against Boyle. Boyle contends that she repeatedly questioned Welsh concerning adding Dr. Monson and the partnership of Drs. Smith and Monson as defendants in the above medical malpractice case. No lawsuit was ever instituted against Dr. Monson or the partnership, and the applicable statute of limitations expired.

On April 27, 1995, Boyle, pro se, filed a legal malpractice case against Welsh. Welsh generally denied the allegations in the petition. Thereafter, Welsh filed a motion for summary judgment. On February 6, 1997, a hearing was held on the motion for summary judgment. Welsh offered his own affidavit stating that in his professional opinion the legal representation he provided Boyle complied with the generally recognized standards of legal service and representation in Omaha. He also offered Boyle's answers to interrogatories indicating that she had not retained an expert to testify regarding legal negligence. In response, Boyle offered the affidavit of Dr. Thomas J. Safranek in which he opined that Drs. Monson and Smith violated the appropriate standard of medical care applicable to physicians and surgeons in Omaha in their postoperative follow-up care and treatment of Boyle and that this negligent deviation from the standard of care caused Boyle damage. Boyle also offered her own affidavit in which she stated, among other things, that Welsh declined to institute an action against Dr. Monson and the partnership, that Welsh breached his duty in allowing the statute of limitations to expire, and that Welsh failed to add Dr.

Monson and the partnership as defendants in her case against Dr. Smith. Boyle claimed that all of these failures of Welsh caused her to suffer damage. Boyle also offered the transcript and bill of exceptions from the case entitled *"Jean M. Boyle v. Patrick A. Smith, M.D."* The court also took judicial notice of the court file in the present case.

Following receipt of the above evidence, the district court granted Welsh's motion for summary judgment. The court indicated that the motion was being granted because Boyle failed to offer expert testimony to establish the applicable standard of care in regard to Welsh's alleged negligence.

We note that throughout the proceedings in district court Boyle's daughter acted on her behalf. The transcript includes a "Power of Attorney" in which Boyle purports to appoint her daughter as her agent for the purposes of the litigation. The record does not show that Boyle's daughter is authorized to practice law and, in fact, suggests that she is not. Throughout the proceedings, Boyle's daughter was allowed to act on Boyle's behalf. There is no doubt that an individual may represent herself and participate in trials and legal proceedings on her own behalf. While we understand the temptation to grant unrepresented parties wide latitude, the law is clear that a pro se litigant is held to the same standards as one who is represented by counsel. *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994); *State v. Bowen*, 244 Neb. 204, 505 N.W.2d 682 (1993). It is equally clear that one who is not an attorney may not represent others in legal proceedings, nor may such a person practice law for others. *Waite v. Carpenter*, 1 Neb. App. 321, 496 N.W.2d 1 (1992). As such, it appears that Boyle's daughter should not have been allowed to represent Boyle, offer exhibits, or make closing arguments on Boyle's behalf.

### III. ASSIGNMENT OF ERROR

Boyle assigns that the district court erred in granting Welsh's motion for summary judgment.

### IV. ANALYSIS

#### 1. STANDARD OF REVIEW

Our standard of review in summary judgment cases is as follows: Summary judgment is proper only when the plead-

ings, depositions, admissions, stipulations, and affidavits in the record disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Popple v. Rose*, 254 Neb. 1, 573 N.W.2d 765 (1998); *Farmers Union Co-op Ins. Co. v. Allied Prop. & Cas.*, 253 Neb. 177, 569 N.W.2d 436 (1997). After filing a motion for summary judgment, the moving party must show facts warranting judgment as a matter of law. Thereafter, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law. *Popple, supra*; *Melick v. Schmidt*, 251 Neb. 372, 557 N.W.2d 645 (1997).

## 2. PARTIES' ARGUMENTS

On appeal, Boyle assigns that the district court erred in granting Welsh summary judgment. She contends that her petition alleged "Welsh's employment, his failure to timely file a medical malpractice action against Dr. Monson and the partnership . . . and that Welsh's failure to timely file a lawsuit against Monson and the partnership resulted in loss to Boyle." Brief for appellant at 8. She also contends that she offered sufficient evidence to establish material issues of fact to prevent summary judgment. Boyle argues that it was unnecessary for her to present expert testimony to establish "Welsh's deviation from the appropriate standard of care because an attorney's failure to file an action within the applicable statute of limitations is of such a nature that the common knowledge of laypersons is sufficient to find a departure from the required standard of care." Brief for appellant at 12.

In response, Welsh argues that this is not a case where an attorney failed to file a lawsuit within the applicable statute of limitations. Welsh points out that he did initiate a lawsuit on Boyle's medical malpractice claim in a timely fashion against Dr. Smith. He argues that the issue in this case is whether he was negligent "in failing to name the partner of the doctor whom he sued for the partner's concurrent negligence in harming the plaintiff. It is submitted that this is a matter of trial strategy and tactics, and not one involving missing the statute of limitations." (Emphasis in original.) Brief for appellee at 22.

### 3. PROFESSIONAL MALPRACTICE

In legal malpractice cases, the plaintiff must prove the following: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) that such negligence resulted in and was the proximate cause of loss to the client. *McWhirt v. Heavey*, 250 Neb. 536, 550 N.W.2d 327 (1996); *Sports Courts of Omaha v. Brower*, 248 Neb. 272, 534 N.W.2d 317 (1995). The negligence of counsel must affect the viability of the client's interest and be shown to do so. *Staman v. Yeager & Yeager*, 238 Neb. 133, 469 N.W.2d 532 (1991).

Generally, in professional negligence cases, the issue of whether a specific professional act or service demonstrates a lack of skill or knowledge or failure to exercise reasonable care is a matter that must be proved by expert testimony. See, e.g., *Vilcinskas v. Johnson*, 252 Neb. 292, 562 N.W.2d 57 (1997) (medical malpractice); *Overland Constructors v. Millard School Dist.*, 220 Neb. 220, 369 N.W.2d 69 (1985) (architectural malpractice). But see *McVaney v. Baird, Holm, McEachen*, 237 Neb. 451, 466 N.W.2d 499 (1991) (holding that it was not necessary for plaintiff to offer expert testimony regarding standard of care where defendant attorney had testified as to standard of care and conduct that breached standard of care). Neither the Nebraska Supreme Court nor this court has expressly applied the above rule in a legal malpractice case. However, the Supreme Court has said: " 'A professional act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual . . . .' An architect performs professional services, as do lawyers, doctors, accountants, and investment advisers." *Overland Constructors*, 220 Neb. at 229, 369 N.W.2d at 75. As an attorney performs professional services, it follows that expert testimony is generally required in order to prove a deviation from the standard of care in legal malpractice cases.

The Nebraska Supreme Court has recognized a common knowledge exception to the expert testimony requirement in professional negligence cases. Such an exception applies " 'where the evidence and the circumstances are such that the recognition of the alleged negligence may be presumed to be

within the comprehension of laymen.' " *Boyd v. Chakraborty*, 250 Neb. 575, 581, 550 N.W.2d 44, 48 (1996) (quoting *Halligan v. Cotton*, 193 Neb. 331, 227 N.W.2d 10 (1975)) (medical malpractice case). See *Overland Constructors, supra.* When the common knowledge exception applies, a professional's deviation from the standard of care need not be established through expert testimony. *Boyd, supra*; *Overland Constructors, supra.*

Other jurisdictions have held that the common knowledge exception to the expert testimony requirement applies when among other situations, an attorney has allowed the statute of limitations to run against his or her client's cause of action. See, *Allyn v. McDonald*, 112 Nev. 68, 910 P.2d 263 (1996); *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 41 Cal. Rptr. 2d 768 (1995); *Little v. Matthewson*, 114 N.C. App. 562, 442 S.E.2d 567 (1994); *Storm v. Golden*, 371 Pa. Super. 368, 538 A.2d 61 (1988); *Bowman v. Doherty*, 235 Kan. 870, 686 P.2d 112 (1984); *Collins v. Greenstein*, 61 Haw. 26, 595 P.2d 275 (1979); *Schmidt v. Hinshaw et al.*, 75 Ill. App. 3d 516, 394 N.E.2d 559 (1979); *George v. Caton*, 93 N.M. 370, 600 P.2d 822 (N.M. App. 1979); *Hughes v. Malone*, 146 Ga. App. 341, 247 S.E.2d 107 (1978); *Fuschetti v. Bierman*, 128 N.J. Super. 290, 319 A.2d 781 (1974). See, generally, Annot., 14 A.L.R.4th 170 (1982). It has been said:

> The most clearcut example of a legal malpractice case in which the courts have found it unnecessary to introduce expert evidence to establish the attorney's breach of his duty seems to be that in which the attorney has allowed the statute of limitations to run against his former client's cause of action. . . .

14 A.L.R.4th at 174.

### 4. RESOLUTION

The resolution of this appeal turns on whether Boyle pled a cause of action which was within the common knowledge of laypersons. As discussed above, Boyle argues that she alleged in her petition that Welsh failed to file a lawsuit against Dr. Monson and the partnership within the applicable statute of limitations, whereas Welsh argues that Boyle alleged that he was

negligent in failing to add Dr. Monson as a defendant in the lawsuit Welsh filed against Dr. Smith.

We note that summary judgment is an extreme remedy which should be used sparingly because it may deny a trial to the party against whom the motion is directed. *Bruning v. Law Offices of Ronald J. Palagi*, 250 Neb. 677, 551 N.W.2d 266 (1996); *Oliver v. Clark*, 248 Neb. 631, 537 N.W.2d 635 (1995). Summary judgment should be granted only when the issue is clear beyond all doubt. *Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992). A purpose of a summary judgment is to dispose of and eliminate frivolous or baseless lawsuits that would otherwise necessitate unwarranted trials and consume valuable time, avoidable expense, and judicial resources better directed toward litigation that resolves real controversies, meritorious claims, and valid issues. *Id.* Furthermore, although a petition should not leave uncertainty as to the theory on which the pleader wishes to proceed, the Nebraska Supreme Court has held that in actions not involving extraordinary remedies, general pleadings are to be liberally construed in favor of the pleader. *Fitzpatrick v. U S West, Inc.*, 246 Neb. 225, 518 N.W.2d 107 (1994); *Hutmacher v. City of Mead*, 230 Neb. 78, 430 N.W.2d 276 (1988).

Based upon a liberal reading of Boyle's petition, we conclude that she has alleged two causes of action. First, she states a cause of action based on Welsh's failure to institute a lawsuit against Dr. Monson and the partnership and allowing the applicable statute of limitations to run. In this connection, in her petition, Boyle alleged that Welsh "failed to initiate suit against [Dr. Monson]," that the applicable statute of limitations ran, and that Welsh's "fail[ure] to file a timely suit against Dr. Monson and the partnership was a breach of Defendant's duty [of reasonable care]." Boyle also alleged causation and damage as a result of the alleged negligence. We conclude that Boyle had no obligation to offer expert testimony regarding the above cause of action because the pleadings set forth, among other things, the failure to institute suit. The common knowledge exception to the expert testimony requirement applies to Boyle's first cause of action.

Regarding Boyle's first cause of action, we further conclude that after Welsh made a prima facie showing that she was entitled to judgment as a matter of law, Boyle presented evidence showing the existence of material issues, thereby preventing judgment as a matter of law. At the summary judgment hearing, Boyle offered her own affidavit and the affidavit of a doctor, Dr. Safranek. Through these affidavits, she presented evidence of Welsh's employment and evidence that Welsh's failure to institute a lawsuit against Dr. Monson breached the standard of care and that Welsh's breach of duty caused her damage. Dr. Safranek's affidavit demonstrated that a lawsuit against Dr. Monson would have been viable. For these reasons, we conclude that the district court erred in granting Welsh's summary judgment regarding Boyle's cause of action against Welsh for failing to institute a lawsuit against Dr. Monson and the partnership.

Boyle's petition also states a second cause of action based on Welsh's failure to "add Dr. Monson and the partnership . . . as defendants in the above referenced lawsuit [against Dr. Smith]." She alleges that the failure to join Dr. Monson and the partnership "adversely impacted" her case against Dr. Smith and caused her damage. Boyle's second cause of action involves issues of joinder and trial strategy. Such issues do not fall within the common knowledge exception to the expert testimony requirement. See, e.g., *Gans v. Mundy*, 762 F.2d 338, *cert. denied* 474 U.S. 1010, 106 S. Ct. 537, 88 L. Ed. 2d 467 (1985) (holding that lawyer's failure to join transit authority in case against Amtrak was strategic decision that was not within common knowledge exception); *Koeller v. Reynolds*, 344 N.W.2d 556 (Iowa App. 1983) (holding that plaintiff, who alleged lawyer's failure to bring suit against other driver involved in collision with plaintiff, was required to present expert testimony regarding breach of legal standard of care). Expert testimony was required to establish a breach of the standard of care regarding Boyle's second cause of action. Therefore, we conclude that the district court properly granted Welsh summary judgment regarding Boyle's cause of action for failing to add Dr. Monson and the partnership in Boyle's lawsuit against Dr. Smith.

940

## V. CONCLUSION

For the reasons stated, we affirm in part, and in part reverse, and remand for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.